

## James M. Goff II, P.C.
### Attorneys and Counselors at Law

James M. Goff II, Esq.
jgoff@jamesgofflaw.com

M. Donette Williams, Esq.
dwilliams@jamesgofflaw.com

## FACSIMILE TRANSMISSION

**Transmit to:**    **Jay C. Paul, Esquire**

**Fax No.:**    **(804) 668-5329**

**Date:**    **February 5, 2020**

**In Re:**    **Payne v. Payne**

**From:**    **James M. Goff II, Esquire**

**Number of pages, including cover sheet: Nine (9)**

**Comment(s): Please see the attached communication.**

        The information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this transmittal is strictly prohibited. If you receive this transmission in error, please immediately notify the sender at (804) 706-9400 and return the original transmission to the address noted above via the United States Postal Service. Thank you for your cooperation.

10310 Memory Lane, Suite 2C   |   Post Office Box 313   |   Chesterfield, Virginia 23832
Telephone: (804) 706-9400   |   Facsimile: (804) 706-9402   |   www.jamesgofflaw.com



**James M. Goff II, P.C.**
Attorneys and Counselors at Law

James M. Goff II, Esq.
jgoff@jamesgofflaw.com

M. Donette Williams, Esq.
dwilliams@jamesgofflaw.com

February 5, 2020

## IMMEDIATE ATTENTION REQUIRED

**DELIVERED BY HAND**
Wendy S. Hughes, Clerk
Chesterfield Circuit Court
9500 Courthouse Road
Post Office Box 125
Chesterfield, Virginia 23832

RE:   **Thomas Clifford Payne v. Cheryl Cibula Payne**
      **Case No. CL16-2435-00**

Dear Ms. Hughes:

Please find enclosed the following for filing with the above-referenced matter in your court.

1.   Motion to Stay;
2.   Order to Stay; and
3.   Motion to Rehear and Reconsider.

**Please be advised that today is the twenty-first (21st) day following entry of the Final Decree in which a rehearing can be granted. It is imperative that the Order to Stay be entered today. I respectfully ask that you present the Order to Stay to one of the Honorable Judges of Chesterfield Circuit Court for entry by the close of business today.**

Thank you for your generous assistance in this matter.

Very truly yours,

James M. Goff II

JMGII:mdw
Enclosure
cc:   Thomas C. Payne
      Jay C. Paul, Esquire

10310 Memory Lane, Suite 2C   |   Post Office Box 313   |   Chesterfield, Virginia 23832
Telephone: (804) 706-9400   |   Facsimile: (804) 706-9402   |   www.jamesgofflaw.com

**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

**THOMAS CLIFFORD PAYNE,**                                                     **Plaintiff,**

**v.**                                       **Case No. CL16-2435-00**

**CHERYL CIBULA PAYNE,**                                                      **Defendant.**

### MOTION TO STAY

COMES NOW your Plaintiff, Thomas Clifford Payne, by counsel, and moves the Court to

stay the Final Decree entered on January 15, 2020 by the Chesterfield Circuit Court, pending the

Motion to Rehear and Reconsider filed simultaneously herein.

THOMAS CLIFFORD PAYNE

By: _____
                    Counsel

James M. Goff II, Esquire
VSB No. 35439
M. Donette Williams, Esquire
VSB No. 93998
JAMES M. GOFF II, P.C.
10310 Memory Lane, Suite 2-C
Post Office Box 313
Chesterfield, Virginia 23832
Telephone: (804) 706-9400
Facsimile: (804) 706-9402
jgoff@jamesgofflaw.com
www.jamesgofflaw.com

### CERTIFICATE

I hereby certify that a true and correct copy of the foregoing Motion to Stay was sent via
facsimile and mailed, first class postage prepaid, to Jay C. Paul, Esquire, P.O. Box 1193, Prince
George, Virginia 23875 on this 5ᵗʰ day of February, 2020.

_____
                    M. Donette Williams

**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

THOMAS CLIFFORD PAYNE,                                                                                      Plaintiff,

v.                                                    Case No. CL16-2435-00

CHERYL CIBULA PAYNE,                                                                                        Defendant.

### ORDER

CAME THIS DAY, your Plaintiff, Thomas Clifford Payne, by counsel, and moved this

Court to enter an Order to stay the Final Decree entered on January 15, 2020 in this matter pending

the Motion to Rehear and Reconsider filed by the Plaintiff.

It appearing necessary and proper to do so, it be and is hereby

ORDERED that the Final Decree entered on January 15, 2020 shall be stayed.

Pursuant to Rule 1:13 of the Rules of the Virginia Supreme Court endorsement herein by

Jay C. Paul, counsel for the Defendant, shall not be required.

ENTERED:    /       /

_____
Judge

I ask for this:

_____
James M. Goff II, Esquire
VSB No. 35439
M. Donette Williams, Esquire
VSB No. 93998
JAMES M. GOFF II, P.C.
10310 Memory Lane, Suite 2-C
Post Office Box 313
Chesterfield, Virginia 23832
Telephone: (804) 706-9400
Facsimile: (804) 706-9402
jgoff@jamesgofflaw.com

**V I R G I N I A:**

### IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

THOMAS CLIFFORD PAYNE,                                     Plaintiff,

v.                                      **Case No. CL16-2435-00**

CHERYL CIBULA PAYNE,                                    Defendant.

### MOTION TO REHEAR AND RECONSIDER

COMES NOW, the Plaintiff, Thomas Clifford Payne, by his counsel, and moves this

Court to rehear and/or reconsider issues of equitable distribution and attorney's fees, respectfully

stating as follows:

1.       That this Court entered a Final Decree consistent with its October 23, 2019 letter

opinion on January 15, 2020.

2.       That counsel for the Plaintiff, James M. Goff II, Esquire, received notice by mail

of the Defendant's Chapter 13 bankruptcy filing of January 31, 2020 (Exhibit A).

3.       That the Defendant's bankruptcy filing will materially affect this Court's

equitable distribution award as set forth in the Final Decree entered January 15, 2020.

4.       That the Plaintiff respectfully requests that this Court rehear and reconsider issues

of equitable distribution given the Defendant's bankruptcy filing.

WHEREFORE, your Plaintiff, Thomas Clifford Payne, by his counsel, prays that this

Court grant a rehearing for the reasons enumerated herein, and for such other and further relief as

this Court shall deem meet and necessary.

THOMAS CLIFFORD PAYNE

By:_____
                    Counsel

James M. Goff II, Esquire
VSB No. 35439
M. Donette Williams, Esquire
VSB No. 93998
JAMES M. GOFF II, P.C.
10310 Memory Lane, Suite 2-C
Post Office Box 313
Chesterfield, Virginia 23832
Telephone: (804) 706-9400
Facsimile: (804) 706-9402
jgoff@jamesgofflaw.com
www.jamesgofflaw.com

## CERTIFICATE

I hereby certify that a true and correct copy of the foregoing Motion to Rehear and Reconsider was sent via facsimile and mailed, first class postage prepaid, to Jay C. Paul, Esquire, P. O. Box 1193, Prince George, Virginia 23875 on this 5th day of February, 2020.

M. Donette Williams

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

20-30524

## CHAPTER 13 PLAN AND RELATED MOTIONS

Name of Debtor(s): Cheryl Cibele Payne Case No:

This plan, dated January 31, 2020, is:

■ the *first* Chapter 13 plan filed in this case.
☐ a modified Plan, which replaces the ☐confirmed or ☐ unconfirmed Plan dated ____.

Date and Time of Modified Plan Confirmation Hearing:

____

Place of Modified Plan Confirmation Hearing:
U.S. Bankruptcy Court 701 E. Broad St. Richmond, VA 23219

The Plan provisions modified by this filing are:

____

Creditors affected by this modification are:

____

**1. Notices**

**To Creditors:**

Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.

(1) Richmond and Alexandria Divisions:
The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.
(2) Norfolk and Newport News Divisions: a confirmation hearing will be held even if no objections have been filed.
(a) A scheduled confirmation hearing will not be convened when:
(1) an amended plan is filed prior to the scheduled confirmation hearing; or
(2) a consent resolution to an objection to confirmation anticipates the filing of an amended plan and the objecting party removes the scheduled confirmation hearing prior to 3:00 pm on the last business day before the confirmation hearing.

In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance.

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If no item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| A. | A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A | ☐ Included | ■ Not included |
| C. | Nonstandard provisions, set out in Part 12 | ☐ Included | ■ Not included |

2. **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of $ [illegible] per month for [illegible] months. Other payments to the Trustee are as follows:

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

The total amount to be paid into the Plan is $ [illegible]. 20-30524

3. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

A. **Administrative Claims under 11 U.S.C. § 1326.**

1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.

2. Check one box:

■ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a) and will be paid $ 4,730.00, balance due of the total fee of $ [illegible], concurrently with or prior to the payments to remaining creditors.

☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii) and must submit applications for compensation as set forth in the Local Rules.

B. **Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| Commonwealth of Virginia | Taxes and certain other debts | [illegible] | Prorata [illegible] months |

C. **Claims under 11 U.S.C. § 507(a)(1).**

The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

4. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

A. **Motions to Value Collateral** (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan. The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

B. **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

C. **Adequate Protection Payments.** 20-30524

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D. **Payment of Secured Claims on Property Being Retained** (except those loans provided for in section 6 of the Plan):

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, whichever is less, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| -NONE- | | | | |

E. **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

5. **Unsecured Claims.**

A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately 3 %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately 0 %.

B. **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

6. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

A. Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee. The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

20-30524

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

B. Trustee to make contract payments and cure arrears, if any. The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| -NONE- | | | | | |

C. Restructured Mortgage Loans to be paid fully during term of Plan. Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| -NONE- | | | | |

7. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

A. Executory contracts and unexpired leases to be rejected. The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

B. Executory contracts and unexpired leases to be assumed. The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

8. **Liens Which Debtor(s) Seek to Avoid.**

A. The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f). The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien. If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| -NONE- | | | | |

B. Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f). The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Co[illegible] |
|---|---|---|
| -NONE- | | |

EXHIBIT A

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

20-30524

Debtor 1: Cheryl Cibula Payne
Debtor 2 (Spouse, if filing):
United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA
Case number (If known):

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses

[illegible]

**Part 1: Describe Your Household**

1. Is this a joint case?
   ■ No. Go to line 2.
   ☐ Yes. Does Debtor 2 live in a separate household?
      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, Expenses for Separate Household of Debtor 2.

2. Do you have dependents? ☐ No
   Do not list Debtor 1 and Debtor 2. ■ Yes. Fill out this information for each dependent.
   Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Daughter | 11 | ☐ No ■ Yes |
| Daughter | 17 | ☐ No ■ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents? ■ No ☐ Yes

**Part 2: Estimate Your Ongoing Monthly Expenses**

[illegible]

| | | |
|---|---|---|
| 4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 0.00 |
| If not included in line 4: | | |
| 4a. Real estate taxes | 4a. $ | 0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. $ | 0.00 |
| 4d. Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. Additional mortgage payments for your residence, such as home equity loans | 5. $ | 0.00 |

Official Form 106J Schedule J: Your Expenses page 1

Debtor 1 Cheryl Cibula Payne Case number (if known) 20-30524

| | | |
|---|---|---|
| 6. Utilities: | | |
| 6a. Electricity, heat, natural gas | 6a. $ | 250.00 |
| 6b. Water, sewer, garbage collection | 6b. $ | 37.00 |
| 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 304.00 |
| 6d. Other. Specify: Security system | 6d. $ | 37.00 |
| 7. Food and housekeeping supplies | 7. $ | 400.00 |
| 8. Childcare and children's education costs | 8. $ | 330.00 |
| 9. Clothing, laundry, and dry cleaning | 9. $ | 0.00 |
| 10. Personal care products and services | 10. $ | 38.00 |
| 11. Medical and dental expenses | 11. $ | [illegible] |
| 12. Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | 100.00 |
| 13. Entertainment, clubs, recreation, newspapers, magazines, and books | 13. $ | 0.00 |
| 14. Charitable contributions and religious donations | 14. $ | 0.00 |
| 15. Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| 15a. Life insurance | 15a. $ | 18.00 |
| 15b. Health insurance | 15b. $ | 0.00 |
| 15c. Vehicle insurance | 15c. $ | 100.00 |
| 15d. Other insurance. Specify: | 15d. $ | 0.00 |
| 16. Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. $ | 0.00 |
| 17. Installment or lease payments: | | |
| 17a. Car payments for Vehicle 1 | 17a. $ | 0.00 |
| 17b. Car payments for Vehicle 2 | 17b. $ | 0.00 |
| 17c. Other. Specify: | 17c. $ | 0.00 |
| 17d. Other. Specify: | 17d. $ | 0.00 |
| 18. Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I). | 18. $ | 0.00 |
| 19. Other payments you make to support others who do not live with you. Specify: | 19. $ | 0.00 |
| 20. Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income. | | |
| 20a. Mortgages on other property | 20a. $ | 0.00 |
| 20b. Real estate taxes | 20b. $ | 0.00 |
| 20c. Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| 20d. Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| 20e. Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. Other: Specify: | 21. +$ | 0.00 |
| 22. Calculate your monthly expenses. | | |
| 22a. Add lines 4 through 21. | $ | 1,631.33 |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 1,631.33 |
| 23. Calculate your monthly net income. | | |
| 23a. Copy line 12 (your combined monthly income) from Schedule I. | 23a. $ | 1,549.00 |
| 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 1,631.33 |
| 23c. Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. $ | -82.33 |

24. Do you expect an increase or decrease in your expenses within the year after you file this form? For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
■ No.
☐ Yes. Explain here:

Official Form 106J Schedule J: Your Expenses page 2

20-30524

Best Egg/sst
Attn: Bankruptcy
4315 Pickett Rd
St Joseph, MO 64503

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Citibank
Citicorp Credit Srvs/Centralized Bk dept
Po Box 790034
St Louis, MO 63179

Citizens One
One Citizens Plaza
Providence, RI 02903

Commonwealth of Virginia
Dept. of Taxation
PO Box 2369
Richmond, VA 23218-2369

Discover Financial
Attn: Bankruptcy Department
Po Box 15316
Wilmington, DE 19850

Marcus by Goldman Sachs
Attn: Bankruptcy
Po Box 45400
Salt Lake City, UT 84145

Nelnet
Attn: Bankruptcy Claims
Po Box 82505
Lincoln, NE 68501

Pamela Waaland
513 Forest Ave., Ste. 203
Henrico, VA 23229

20-30524

Thomas Clifford Payne
and James M. Goff, II, Esq.
10310 Memory Ln., #2C
Chesterfield, VA 23832

Thomas Clifford Payne
105 Oakwood Ave.
Hopewell, VA 23860

Thomas Payne
105 Oakwood Ave.
Hopewell, VA 23860

Wells Fargo Bank
Attn: Bankruptcy Dept
Po Box 6429
Greenville, SC 29606