

RICHMOND DIVISION
F I L E D
APR - 2 2020
CLERK
U.S. BANKRUPTCY COURT

RECEIVED
APR 2 2020
Clerk, U.S. Bankruptcy Court
Eastern District of Virginia

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF VIRGINIA**

**Richmond Division**

In re:                                          :

      **CHERYL CIBULA PAYNE,**          :          **Case No.: 20-30524**

      **Debtor.**                              :          **Chapter 13**

### RESPONSE TO DEBTOR'S APPLICATION FOR RULE TO SHOW CAUSE

COMES NOW, Thomas C. Payne, hereinafter referred to as ("Husband"), by his counsel,

James M. Goff II, Esquire (admitted to this Court on June 27, 1995), and provides his response

to the Debtor's Application for Rule to Show Cause, respectfully stating as follows:

1.  THAT this Court's filings reflect that the Debtor filed a Petition under Chapter 13

on or about January 31, 2020, Goff admits this allegation.

2.  THAT Husband admits the allegation contained in paragraph (2) of the Debtor's

Application for Rule to Show Cause.

3.  THAT Husband admits that the Final Decree between the parties was endorsed by

the Chesterfield Circuit Court on or about January 15, 2020.

4.  THAT Husband admits the allegations contained in paragraph (4) of the Debtor's

Application for Rule to Show Cause.

5.  THAT Husband submits the Motion to Rehear and/or Reconsider and Amended

Motion to Rehear and/or Reconsider and attaches same to this pleading in their entirety as

Exhibit A and Exhibit B, Husband denies the allegation that said Motions violated the automatic

stay as stated in paragraph (5)

6.  THAT Husband denies the entirety of the allegations contained in paragraph (6)

of the of the Debtor's Application for Rule to Show Cause.

7.    THAT Husband can neither confirm nor deny that the Debtor has a great amount

of distress, and can neither admit nor deny that the Debtor's bankruptcy counsel told her that the

stay would stop any attempt to modify or enforce the Final Decree as alleged in paragraph (7) of

the Debtor's Application for Rule to Show Cause.

8.    THAT paragraph (8) is a legal conclusion which does not call for an answer.

9.    THAT Husband denies the allegation contained in paragraph (9) of the Debtor's

Application for Rule to Show Cause.

## LAW AND ARGUMENT AGAINST THE
## ALLEGED VIOLATION OF AUTOMATIC STAY

11 U.S.C 362(a)(1) "the commencement or continuation, including the
issuance or employment of process, of a judicial, administrative, or other action or
proceeding against the debtor that was or could have been commenced before the
commencement of the case under this title, or to recover a claim against the debtor
that arose before the commencement of the case under this title; **(2)** the
enforcement, against the debtor or against property of the estate, of a judgment
obtained before the commencement of the case under this title; **(3)** any act to obtain
possession of property of the estate or of property from the estate or to exercise
control over property of the estate; **(4)** any act to create, perfect, or enforce any lien
against property of the estate. . ."

Husband filed with Chesterfield Circuit Court a Motion to Stay the divorce proceedings

on February 5, 2020 as well as a Motion to Rehear and/or Reconsider and Order to Stay the

divorce proceedings.  The Court then contacted Husband's attorney to advise that it wanted a

Motion to Rehear and/or Reconsider filed that was more specific.  **(Exhibit A and Exhibit B)**

The controlling Motion to the Court was the Motion to Stay the proceedings, as the matter

was still within the jurisdiction of the Court pursuant to the twenty-one day period prescribed in

Rule 1:1(a) of the Rules of the Virginia Supreme Court.  Specifically, Rule 1:1(a) Expiration of

Court's Jurisdiction, *"All final judgments, orders, and decrees, irrespective of terms of court, shall*

*remain under the control of the trial court and subject to be modified, vacated, or suspended for*

2

*twenty-one days after entry, and no longer.*" In this case, the Final Decree was endorsed by the Court on January 15, 2020. The jurisdiction of the Circuit Court expired on February 5, 2020. The Motion to Stay was filed on February 5, 2020 and the Order to Stay was endorsed by the Circuit Court on February 5, 2020.

Husband filed a Motion to Rehear and/or Reconsider at the same time the Motion and Order to Stay were however no hearing was schedule. The purpose of the Motion to Stay was to prevent the expiration of the Circuit Court's jurisdiction due to the Debtor's own Petition for Bankruptcy that identified a bank account not disclosed during the course of the divorce litigation which constitutes as after-discovered evidence.

The Court's entry of the Order to Stay is not commencement or continuation of the proceeding. The entry of the Order to Stay simply allowed the Court to retain jurisdiction over the matter and did not make any substantive decision regarding the parties' marital assets. Debtor relies on *Skillforce, Inc. and Tichenor v. Hafer*, 509 BR 525 (E.D. VA 2014) regarding a status hearing held after the court was privy to the debtor's bankruptcy filing. In *Skillforce*, the Court continued a hearing regarding debtor's interrogatories following the debtor's petition for bankruptcy and automatic stay, and in fact held the hearing where the debtor presented herself to the Court. The debtor's interrogatories hearing was based on a judgment obtained against the debtor and the hearing held constituted, "the endorsement, against the debtor or against property of the estate, of a judgment obtained before the commencement." *Id.* at 529. Unlike, the case at hand, where there has been no hearing and arguably no continuation or commencement to enforce a judgment against the Debtor. In this case, Husband's Motion to Stay and Order to Stay is not an action to collect any debt against the Debtor or her estate.

3

The facts in *Skillforce* support Husband's argument concerning the Order to Stay entered by the Circuit Court wherein it states that, "The State Court judge first appropriately stayed the proceedings and did not proceed with the debtor's interrogatories." *Id.* at 529. That is just what happened in Husband's case before this Court now, the Circuit Court/State Court "merely stayed the proceeding." *Id.* at 530. No action was taken to enforce a judgment, no individual appeared at a hearing and the endorsement of the Order to Stay did not expose the Debtor to harassment or coercion that inhibited the Debtor's breathing spell from her creditors. *Id.* at 532. At the current time, the divorce matter between the Debtor and her husband simply remains in the jurisdiction of the Circuit Court where no hearing is currently scheduled or anticipated to be scheduled pending the bankruptcy discharge.

Further, James M. Goff II, Esquire, represented Debtor's husband regarding the divorce matters, and in his continued representation of the Husband as a zealous advocate for his client noted that the Debtor's Bankruptcy Petition may contain after-discovered evidence that would impact the equitable distribution of the assets between the parties. Specifically, throughout the divorce litigation, the Circuit Court found that Debtor had secreted monies by depositing same into a separate bank account unknown to her husband during the marriage. In addition, during the depositions taken for trial in the matter in August 2019, additional accounts were discovered that the Debtor did not disclose through the litigation. It should not be a shock to the Debtor that Husband's counsel would draw attention to yet another bank account number that the Debtor failed to disclose during the divorce proceeding.

Debtor's caselaw in *Skillforce, Inc. and Tichenor v. Hafer*, states "there is also a duty on the debtor to protect her rights and mitigate her damages." 509 BR 525, 531 (E.D. VA 2014) In this case, had the Debtor waited until the twenty-one (21) day expiration of the Circuit Court's

4

jurisdiction, Goff would not have been able to identified the undisclosed bank account and the Order to Stay entered by the Circuit Court on February 5, 2020 would not have been entered.

At this juncture, the divorce matter remains pending in the Circuit Court of Chesterfield County, where judgment has not been entered, and no further hearings shall be had to determine substantive evidence as such would materially affect the Debtor's bankruptcy filing. Chesterfield Circuit Court continues to have jurisdiction over the divorce and the divorce matter has not been placed among the ended causes pursuant to the Order to Stay entered by the Chesterfield Circuit Court.

Although the Final Decree of divorce stated that the check be made payable to counsel for the Husband, James M. Goff II, the actual award was to the Husband himself, not to James M. Goff II, Esquire, nor to his law firm, James M. Goff II, P.C (**Exhibit C**). This subtle distinction makes the Circuit Court's award of attorney's fees only to the Husband and therefore a Rule to Show Cause cannot by law be issued to James M. Goff II, Esquire, nor his law firm, James M. Goff II, P.C., as neither is a creditor to the Debtor.

It is the Husband's contention that the attorney's fees award should be classified as a priority debt because "it qualifies as a domestic support obligation" under the circumstances pursuant to 11 U.S.C. §§ 101(14[A]) and 507 (a)(1). In support of this contention, the Husband points to *In re Schenkein*, 2010 WL 3219464, at *4 (Bankr. S.D.N.Y. Aug. 9, 2010), wherein a Debtor's ability to discharge debt related to a matrimonial action are limited identified exceptions under 523(a)(5) as to discharge, most specifically "for any debt "for a domestic support obligation," and § 523(a)(15) creates and exception from discharge for any debt to a spouse, former spouse, or child of the debtor, "incurred in the course of a divorce or separation or in connection

with a separation agreement, divorce decree or other order of a court of record." As in this case,

the Debtor's attempt to discharge the award of attorney's fees to the Husband.

WHEREFORE, Thomas C. Payne, by his counsel, James M. Goff II, moves that this Court

dismiss the application for rule to show cause filed by the Debtor in its entirety; that James M.

Goff II be awarded his fees and costs associated with this filing; and for such other and further

relief as this Court shall deem meet and necessary.

THOMAS C. PAYNE

By: _____

Counsel

James M. Goff II, Esquire
VSB No.: 35439
James M. Goff II, P.C.
10310 Memory Lane, Suite 2C
Post Office Box 313
Chesterfield, Virginia  23832
Telephone:  (804) 706-9400
Telecopier:  (804) 706-9402
jgoff@jamesgofflaw.com

## PROOF OF SERVICE

I do hereby certify that a true copy of the foregoing Response to Debtor's Application for
Rule to Show Cause was mailed, postage pre-paid, to James H. Wilson, Esquire, Counsel for the
Debtor, 4860 Cox Road, Suite 200, Glen Allen, Virginia  23060 on this 2nd day of April, 2020.

_____

James M. Goff II



## James M. Goff II, P.C.
### Attorneys and Counselors at Law

**James M. Goff II, Esq.**
jgoff@jamesgofflaw.com

**M. Donette Williams, Esq.**
dwilliams@jamesgofflaw.com

February 5, 2020

## IMMEDIATE ATTENTION REQUIRED

**DELIVERED BY HAND**
Wendy S. Hughes, Clerk
Chesterfield Circuit Court
9500 Courthouse Road
Post Office Box 125
Chesterfield, Virginia 23832

RE:    **Thomas Clifford Payne v. Cheryl Cibula Payne**
        **Case No. CL16-2435-00**

Dear Ms. Hughes:

Please find enclosed the following for filing with the above-referenced matter in your court.

1.    Motion to Stay;
2.    Order to Stay; and
3.    Motion to Rehear and Reconsider.

**Please be advised that today is the twenty-first (21st) day following entry of the Final Decree in which a rehearing can be granted. It is imperative that the Order to Stay be entered today. I respectfully ask that you present the Order to Stay to one of the Honorable Judges of Chesterfield Circuit Court for entry by the close of business today.**

Thank you for your generous assistance in this matter.

Very truly yours,

James M. Goff II

JMGII:mdw
Enclosure
cc:    Thomas C. Payne
        Jay C. Paul, Esquire

**EXHIBIT A**

10310 Memory Lane, Suite 2C    |    Post Office Box 313    |    Chesterfield, Virginia 23832
Telephone: (804) 706-9400    |    Facsimile: (804) 706-9402    |    www.jamesgofflaw.com

**V I R G I N I A:**

### IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

**THOMAS CLIFFORD PAYNE,**                                                          **Plaintiff,**

**v.**                                               **Case No. CL16-2435-00**

**CHERYL CIBULA PAYNE,**                                                          **Defendant.**

### MOTION TO STAY

COMES NOW your Plaintiff, Thomas Clifford Payne, by counsel, and moves the Court to

stay the Final Decree entered on January 15, 2020 by the Chesterfield Circuit Court, pending the

Motion to Rehear and Reconsider filed simultaneously herein.

THOMAS CLIFFORD PAYNE

By:_____
                          Counsel

James M. Goff II, Esquire
VSB No. 35439
M. Donette Williams, Esquire
VSB No. 93998
JAMES M. GOFF II, P.C.
10310 Memory Lane, Suite 2-C
Post Office Box 313
Chesterfield, Virginia 23832
Telephone: (804) 706-9400
Facsimile: (804) 706-9402
jgoff@jamesgofflaw.com
www.jamesgofflaw.com

### CERTIFICATE

I hereby certify that a true and correct copy of the foregoing Motion to Stay was sent via
facsimile and mailed, first class postage prepaid, to Jay C. Paul, Esquire, P. O. Box 1193, Prince
George, Virginia 23875 on this 5th day of February, 2020.

_____
                          M. Donette Williams

**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

**THOMAS CLIFFORD PAYNE,**                                                    **Plaintiff,**

**v.**                                    **Case No. CL16-2435-00**

**CHERYL CIBULA PAYNE,**                                                    **Defendant.**

### <u>ORDER</u>

CAME THIS DAY, your Plaintiff, Thomas Clifford Payne, by counsel, and moved this

Court to enter an Order to stay the Final Decree entered on January 15, 2020 in this matter pending

the Motion to Rehear and Reconsider filed by the Plaintiff.

It appearing necessary and proper to do so, it be and is hereby

ORDERED that the Final Decree entered on January 15, 2020 shall be stayed.

Pursuant to Rule 1:13 of the Rules of the Virginia Supreme Court endorsement herein by

Jay C. Paul, counsel for the Defendant, shall not be required.

ENTERED:    /        /

_____
Judge

I ask for this:

_____
James M. Goff II, Esquire
VSB No. 35439
M. Donette Williams, Esquire
VSB No. 93998
JAMES M. GOFF II, P.C.
10310 Memory Lane, Suite 2-C
Post Office Box 313
Chesterfield, Virginia 23832
Telephone: (804) 706-9400
Facsimile: (804) 706-9402
jgoff@jamesgofflaw.com

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

**THOMAS CLIFFORD PAYNE,**                                                              **Plaintiff,**

**v.**                                            **Case No. CL16-2435-00**

**CHERYL CIBULA PAYNE,**                                                              **Defendant.**

### <u>MOTION TO REHEAR AND RECONSIDER</u>

COMES NOW, the Plaintiff, Thomas Clifford Payne, by his counsel, and moves this

Court to rehear and/or reconsider issues of equitable distribution and attorney's fees, respectfully

stating as follows:

      1.     That this Court entered a Final Decree consistent with its October 23, 2019 letter

opinion on January 15, 2020.

      2.     That counsel for the Plaintiff, James M. Goff II, Esquire, received notice by mail

of the Defendant's Chapter 13 bankruptcy filing of January 31, 2020 (Exhibit A).

      3.     That the Defendant's bankruptcy filing will materially affect this Court's

equitable distribution award as set forth in the Final Decree entered January 15, 2020.

      4.     That the Plaintiff respectfully requests that this Court rehear and reconsider issues

of equitable distribution given the Defendant's bankruptcy filing.

WHEREFORE, your Plaintiff, Thomas Clifford Payne, by his counsel, prays that this

Court grant a rehearing for the reasons enumerated herein, and for such other and further relief as

this Court shall deem meet and necessary.

 

**THOMAS CLIFFORD PAYNE**

By: _____

Counsel

James M. Goff II, Esquire
VSB No. 35439
M. Donette Williams, Esquire
VSB No. 93998
JAMES M. GOFF II, P.C.
10310 Memory Lane, Suite 2-C
Post Office Box 313
Chesterfield, Virginia 23832
Telephone: (804) 706-9400
Facsimile: (804) 706-9402
jgoff@jamesgofflaw.com
www.jamesgofflaw.com

### CERTIFICATE

I hereby certify that a true and correct copy of the foregoing Motion to Rehear and
Reconsider was sent via facsimile and mailed, first class postage prepaid, to Jay C. Paul, Esquire,
P. O. Box 1193, Prince George, Virginia 23875 on this 5th day of February, 2020.

M. Donette Williams

Case 20-30524-KLP   Doc 22   Filed 04/02/20   Entered 04/07/20 12:53:16   Desc Main
Case 20-30524   Doc 2   Filed 01/31/20   Entered 01/31/20 15:50:00   Desc Main
Document   Page 1 of 12
Document   Page 13 of 54
20-30524   Doc 2   Filed 01/31/20   Entered 01/31/20 15:50:00   Desc Main
Document   Page 2 of 12

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

20-30524

CHAPTER 13 PLAN
AND RELATED MOTIONS

Name of Debtor(s):   Cheryl Clikufa Payne

Case No:

This plan, dated __January 31, 2020__ , is:

☒ the first Chapter 13 plan filed in this case.
☐ a modified Plan, which replaces the
   ☐ confirmed or ☐ unconfirmed Plan dated _____.

Date and Time of Modified Plan Confirmation Hearing:

Plan of Modified Plan Confirmation Hearing:
U.S. Bankruptcy Court 701 E. Broad St.
Richmond, VA 23219

The Plan provisions modified by this filing are:

Creditors affected by this modification are:

1. Notices

To Creditors:

Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read the plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.

(1) Richmond and Alexandria Divisions:
The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.
(2) Norfolk and Newport News Divisions: a confirmation hearing will be held even if no objections have been filed.
   (a) A scheduled confirmation hearing will not be convened when:
       (i) an amended plan is filed prior to the scheduled confirmation hearing; or
       (ii) a consent resolution to an objection to confirmation anticipates the filing of an amended plan and the objecting party removes the scheduled confirmation hearing prior to 3:30 pm on the last business day before the confirmation hearing.

In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance.

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| A. | A limit on the amount of a secured claim, set out in Section 4.A which may | ☐ Included | ☒ Not Included |
| | result in a partial payment or no payment at all to the secured creditor | | |
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money | ☐ Included | ☒ Not Included |
| | security interest, set out in Section 8.A | | |
| C. | Nonstandard provisions, set out in Part 12 | ☐ Included | ☒ Not Included |

2. Funding of Plan. The debtor(s) propose to pay the Trustee the sum of $ __208.00__ per __month__ for __36__ months. Other payments to the Trustee are as follows:

Page 1

The total amount to be paid into the Plan is $ __7,488.00__ .

3. Priority Creditors. The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

A. Administrative Claims under 11 U.S.C. § 1326.
   1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.
   2. Check one box:
   ☒ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(2)(a) and will be paid $ __4,738.00__ , balance due of the total fee of $ __5,494.00__ concurrently with or prior to the payments to remaining creditors.
   ☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(a)(ii) and must submit applications for compensation as set forth in the Local Rules.

B. Claims under 11 U.S.C. § 507.
   The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
| --- | --- | --- | --- |
| Commonwealth of Virginia | Taxes and certain other debts | $800.00 | Prorata 6 months |

C. Claims under 11 U.S.C. § 507(a)(1).
   The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
| --- | --- | --- | --- |
| -NONE- | | | |

4. Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.

A. Motions to Value Collateral (other than claims protected by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1325(a)(5)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.

This section deals with valuation of collateral secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1325(a)(5) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other debt of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan. The following secured claims are to be "crammed down" in the following value:

| Creditor | Collateral | Purchase Date | Est. Debt. Bal. | Replacement Value |
| --- | --- | --- | --- | --- |
| -NONE- | | | | |

B. Real or Personal Property to be Surrendered.
   Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
| --- | --- | --- | --- |
| -NONE- | | | |

Page 2

---

20-30524

C. Adequate Protection Payments.
   The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
| --- | --- | --- | --- |
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D. Payment of Secured Claims on Property Being Retained (except those loans provided for in section 6 of the Plan):

This section deals with payment of debts secured by real and/or personal property (including short term obligations, judgments, tax liens and other secured debts). After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, whichever is less, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a written objection to confirmation is filed with and sustained by the Court.

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
| --- | --- | --- | --- | --- |
| -NONE- | | | | |

E. Other Debts.
   Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

5. Unsecured Claims.

A. Not separately classified. Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __1__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

B. Separately classified unsecured claims.

| Creditor | Basis for Classification | Treatment |
| --- | --- | --- |
| -NONE- | | |

6. Mortgage Loans Secured by Real Property Constituting the Debtor(s) Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).

A. Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee. The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the body of section 6. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
| --- | --- | --- | --- | --- | --- | --- |
| -NONE- | | | | | | |

Page 3

---

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Estimated Arrearage Interest Rate | Est. Cure Period | Monthly Arrearage Payment |
| --- | --- | --- | --- | --- | --- | --- |
| -NONE- | | | | | | |

B. Trustee to make contract payments and cure arrears, if any. The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Arrearage & Est. Term |
| --- | --- | --- | --- | --- | --- |
| -NONE- | | | | | |

C. Restructured Mortgage Loans to be paid fully during term of Plan. Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
| --- | --- | --- | --- | --- |
| -NONE- | | | | |

7. Unexpired Leases and Executory Contracts. The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

A. Executory contracts and unexpired leases to be rejected. The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
| --- | --- |
| -NONE- | |

B. Executory contracts and unexpired leases to be assumed. The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearage, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Estimated Cure Period Arrears |
| --- | --- | --- | --- |
| -NONE- | | | |

8. Liens Which Debtor(s) Seek to Avoid.

A. The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f). The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien. If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
| --- | --- | --- | --- | --- |
| -NONE- | | | | |

B. Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f). The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral |
| --- | --- | --- |
| -NONE- | | |

Page 4

EXHIBIT A

## Top-left quadrant

20-30524

9.  Treatment and Payment of Claims.

- All creditors must timely file a proof of claim to receive any payment from the Trustee.

§ - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receives a discharge.

- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.

- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

- If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

- Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

10.  Vesting of Property of the Estate. Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not transfer, sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

11.  Incurrence of Indebtedness. The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

12.  Nonstandard Plan Provisions

☒ None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.

Dated:    January 31, 2020

/s/ Cheryl Cibula Payne                    /s/ James H. Wilson, Jr.
Cheryl Cibula Payne                        James H. Wilson, Jr. 27878
Debtor                                     Debtor's Attorney

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 12.

Exhibits:    Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan

Certificate of Service

I certify that on    January 31, 2020    , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                              /s/ James H. Wilson, Jr.
                              James H. Wilson, Jr. 27878
                              Signature

                              4860 Cox Road, Suite 200
                              Glen Allen, VA 23060
                              Address

                              804-740-6464
                              Telephone No.

CERTIFICATE OF SERVICE PURSUANT TO RULE 7004

Page 5

I hereby certify that on    January 31, 2020    , true copies of the foregoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):

20-30524

☐ by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

☐ by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P.

                              /s/ James H. Wilson, Jr.
                              James H. Wilson, Jr. 27878

Page 6

## Bottom-left quadrant

20-30524

| Debtor 1 | Cheryl Cibula Payne | | |
| Debtor 2 (Spouse, if filing) | | | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA | | |
| Case number (If known) | | | |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
MM/DD/YYYY

## Official Form 106I

### Schedule I: Your Income                                    12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1.  Fill in your employment information.

|  | Debtor 1 | Debtor 2 or non-filing spouse |
| --- | --- | --- |
| If you have more than one job, attach a separate page with information about additional employers. | Employment status | ☐ Employed ☒ Not employed | ☐ Employed ☐ Not employed |
| Include part-time, seasonal, or self-employed work. | Occupation | | |
| Occupation may include student or homemaker, if it applies. | Employer's name | | |
|  | Employer's address | | |
|  | How long employed there? | | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
| --- | --- | --- | --- |
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0.00 | $ N/A |
| 3. Estimate and list monthly overtime pay. | 3. +$ | 0.00 | +$ N/A |
| 4. Calculate gross income. Add line 2 + line 3. | 4. | $ 0.00 | $ N/A |

## Bottom-right quadrant

| Debtor 1 | Cheryl Cibula Payne | | | Case number (If known) | | |

20-30524

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
| --- | --- | --- | --- |
| Copy line 4 here. | → 4. | $ 0.00 | $ N/A |
| 5. List all payroll deductions: | | | |
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ N/A |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. Other deductions. Specify: | 5h.+ | $ 0.00 | $ N/A |
| 6. Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ N/A |
| 7. Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 0.00 | $ N/A |
| 8. List all other income regularly received: | | | |
| 8a. Net income from rental property and from operating a business, profession, or farm | | | |
| Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ N/A |
| 8b. Interest and dividends | 8b. | $ 0.00 | $ N/A |
| 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive | | | |
| Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 1,318.00 | $ N/A |
| 8d. Unemployment compensation | 8d. | $ 0.00 | $ N/A |
| 8e. Social Security | 8e. | $ 0.00 | $ N/A |
| 8f. Other government assistance that you regularly receive | | | |
| Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. | | | |
| Specify:    EBT food card | 8f. | $ 231.00 | $ N/A |
| 8g. Pension or retirement income | 8g. | $ 0.00 | $ N/A |
| 8h. Other monthly income. Specify: | 8h.+ | $ 0.00 | $ N/A |
| 9. Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 1,549.00 | $ N/A |
| 10. Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 1,549.00 | $ N/A | = $ 1,549.00 |
| 11. State all other regular contributions to the expenses that you list in Schedule J. Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J. Specify: | 11. +$ | 0.00 | |
| 12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies | 12. | | $ 1,549.00 Combined monthly income |

13. Do you expect an increase or decrease within the year after you file this form?
☐ No.
☒ Yes. Explain: My child support will end when my oldest daughter turns 18 and my EBT food card will reduce by $77 a month.

20-30524

Debtor 1   Cheryl Cifula Payne

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:
MM / DD / YYYY

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   EASTERN DISTRICT OF VIRGINIA

Case number
(if known)

## Official Form 106J
## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. Is this a joint case?
   ☒ No. Go to line 2.
   ☐ Yes. Does Debtor 2 live in a separate household?
   ☐ No
   ☐ Yes. Debtor 2 must file Official Form 106J-2, Expenses for Separate Household of Debtor 2.

2. Do you have dependents?   ☐ No

| Do not list Debtor 1 and Debtor 2. | ☐ Yes. | Fill out this information for each dependent | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|---|---|
| Do not state the dependents names. | | | Daughter | 11 | ☐ No  ☒ Yes |
| | | | Daughter | 17 | ☐ No  ☒ Yes |
| | | | | | ☐ No  ☐ Yes |
| | | | | | ☐ No  ☐ Yes |
| | | | | | ☐ No  ☐ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?   ☒ No  ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form 106I).

| | | Your Expenses |
|---|---|---|
| 4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 0.00 |

If not included in line 4:

| 4a. Real estate taxes | 4a. $ | 0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. $ | 0.00 |
| 4d. Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. Additional mortgage payments for your residence, such as home equity loans | 5. $ | 0.00 |

Official Form 106J   Schedule J: Your Expenses   page 1

---

Debtor 1   Cheryl Cifula Payne   Case number (if known)   20-30524

| 6. Utilities: | | | |
|---|---|---|---|
| 6a. Electricity, heat, natural gas | 6a. $ | 250.00 |
| 6b. Water, sewer, garbage collection | 6b. $ | 37.00 |
| 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 304.00 |
| 6d. Other. Specify:  Security system | 6d. $ | 37.00 |
| 7. Food and housekeeping supplies | 7. $ | 450.00 |
| 8. Childcare and children's education costs | 8. $ | 350.00 |
| 9. Clothing, laundry, and dry cleaning | 9. $ | 0.00 |
| 10. Personal care products and services | 10. $ | 30.00 |
| 11. Medical and dental expenses | 11. $ | 8.33 |
| 12. Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | 100.00 |
| 13. Entertainment, clubs, recreation, newspapers, magazines, and books | 13. $ | 0.00 |
| 14. Charitable contributions and religious donations | 14. $ | 0.00 |
| 15. Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| 15a. Life insurance | 15a. $ | 15.00 |
| 15b. Health insurance | 15b. $ | 0.00 |
| 15c. Vehicle insurance | 15c. $ | 105.00 |
| 15d. Other insurance. Specify: | 15d. $ | 0.00 |
| 16. Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. $ | 0.00 |
| 17. Installment or lease payments: | | |
| 17a. Car payments for Vehicle 1 | 17a. $ | 0.00 |
| 17b. Car payments for Vehicle 2 | 17b. $ | 0.00 |
| 17c. Other. Specify: | 17c. $ | 0.00 |
| 17d. Other. Specify: | 17d. $ | 0.00 |
| 18. Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I). | 18. $ | 0.00 |
| 19. Other payments you make to support others who do not live with you. Specify: | 19. $ | 0.00 |
| 20. Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income. | | |
| 20a. Mortgages on other property | 20a. $ | 0.00 |
| 20b. Real estate taxes | 20b. $ | 0.00 |
| 20c. Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| 20d. Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| 20e. Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. Other. Specify: | 21. +$ | 0.00 |
| 22. Calculate your monthly expenses. | | |
| 22a. Add lines 4 through 21. | 22a. $ | 1,631.33 |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | 22b. $ | |
| 22c. Add line 22a and 22b. The result is your monthly expenses. | 22c. $ | 1,631.33 |
| 23. Calculate your monthly net income. | | |
| 23a. Copy line 12 (your combined monthly income) from Schedule I. | 23a. $ | 1,549.00 |
| 23b. Copy your monthly expenses from line 22c above. | 23b. $ | 1,631.33 |
| 23c. Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. $ | -82.33 |

24. Do you expect an increase or decrease in your expenses within the year after you file this form?
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☒ No.
☐ Yes.   Explain here:

Official Form 106J   Schedule J: Your Expenses   page 2

---

20-30524

Best Egg/sst
Attn: Bankruptcy
4315 Pickett Rd
St Joseph, MO 64503

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Citibank
Citicorp Credit Srvs/Centralized Bk dept
Po Box 790034
St Louis, MO 63179

Citizens One
One Citizens Plaza
Providence, RI 02903

Commonwealth of Virginia
Dept. of Taxation
PO Box 2369
Richmond, VA 23218-2369

Discover Financial
Attn: Bankruptcy Department
Po Box 15316
Wilmington, DE 19850

Marcus by Goldman Sachs
Attn: Bankruptcy
Po Box 45400
Salt Lake City, UT 84145

Nelnet
Attn: Bankruptcy Claims
Po Box 82505
Lincoln, NE 68501

Pamela Waaland
513 Forest Ave., Ste. 203
Henrico, VA 23229

---

20-30524

Thomas Clifford Payne
and James M. Goff, II, Esq.
10310 Memory Ln., #2C
Chesterfield, VA 23832

Thomas Clifford Payne
105 Oakwood Ave.
Hopewell, VA 23860

Thomas Payne
105 Oakwood Ave.
Hopewell, VA 23860

Wells Fargo Bank
Attn: Bankruptcy Dept
Po Box 6429
Greenville, SC 29606



**James M. Goff II, P.C.**
Attorneys and Counselors at Law

**James M. Goff II, Esq.**
jgoff@jamesgofflaw.com

**M. Donette Williams, Esq.**
dwilliams@jamesgofflaw.com

February 5, 2020

## IMMEDIATE ATTENTION REQUIRED

**DELIVERED BY HAND**
Wendy S. Hughes, Clerk
Chesterfield Circuit Court
9500 Courthouse Road
Post Office Box 125
Chesterfield, Virginia 23832

RE:   **Thomas Clifford Payne v. Cheryl Cibula Payne**
      **Case No. CL16-2435-00**

Dear Ms. Hughes:

Pursuant to Judge Robbins' request, enclosed herewith please find an Amended Motion to Rehear and Reconsider to be filed with the above referenced matter in your court.

Please present this Amended Motion to Judge Robbins at your earliest convenience, as time is of the essence to grant the Order to Stay the Final Decree entered on January 15, 2020.

As always, thank you for your generous assistance in this matter.

Very truly yours,

James M. Goff II

JMGII:mdw
Enclosure
cc:   Thomas C. Payne
      Jay C. Paul, Esquire

**EXHIBIT**

**B**

10310 Memory Lane, Suite 2C   |   Post Office Box 313   |   Chesterfield, Virginia 23832
Telephone: (804) 706-9400   |   Facsimile: (804) 706-9402   |   www.jamesgofflaw.com

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

**THOMAS CLIFFORD PAYNE,**                                              **Plaintiff,**

**v.**                                              **Case No. CL16-2435-00**

**CHERYL CIBULA PAYNE,**                                              **Defendant.**

### AMENDED MOTION TO REHEAR AND RECONSIDER

COMES NOW, the Plaintiff, Thomas Clifford Payne, by his counsel, and moves this

Court to rehear and/or reconsider issues of equitable distribution and attorney's fees, respectfully

stating as follows:

1.      That this Court entered a Final Decree consistent with its October 23, 2019 letter

opinion on January 15, 2020.

2.      That counsel for the Plaintiff, James M. Goff II, Esquire, received notice by mail

of the Defendant's Chapter 13 bankruptcy filing of January 31, 2020 (Exhibit A).

3.      That the Defendant's bankruptcy filing will materially affect this Court's

equitable distribution award as set forth in the Final Decree entered January 15, 2020.

4.      That the Court's ruling was based on the evidence submitted by the parties as to

the marital assets and liabilities, so that each party would receive their fair and equitable share.

5.      That in said bankruptcy filing, the Defendant identified a bank account with Fort

Lee Credit Union ending 0018 which was not disclosed the Plaintiff or his counsel throughout

the course of litigation.

6.      That the Court's in its letter ruling dated October 25, 2019, specifically noted the

Defendant, "secreted finances, moved money outside the scope of the martial accounts and

represented that she had only one checking account." *Page 4, Section 5; Letter Ruling dated*

*October 25, 2019* (Exhibit B).

7.    That the Defendant should be required to produce any and all information regarding this after discovered bank account to the Plaintiff to ensure all evidence was properly before the Court to determine issues of equitable distribution between the parties.

8.    That your Plaintiff's has a good faith belief that the bankruptcy filing by the Defendant was initiated prior to entry of the Final Decree of divorce entered January 15, 2020, in an effort to avoid the Court's balancing of the equities between the parties in this matter.

9.    That your Plaintiff is entitled to a restructuring of the marital assets and debts of the marriage.  Specifically, given the now known intention of the Defendant to circumvent the Order of this Court, certain assets and debts can be applied to offset in order to obtain equity between the parties as this Court intended to in its letter ruling of October 25, 2019, incorporated into the Final Decree of divorce entered January 15, 2020.

WHEREFORE, your Plaintiff, Thomas Clifford Payne, by his counsel, prays that this Court grant a rehearing for the reasons enumerated herein, and for such other and further relief as this Court shall deem meet and necessary.

**THOMAS CLIFFORD PAYNE**

By: _____
                Counsel

James M. Goff II, Esquire
VSB No. 35439
M. Donette Williams, Esquire
VSB No. 93998
JAMES M. GOFF II, P.C.
10310 Memory Lane, Suite 2-C
Post Office Box 313
Chesterfield, Virginia 23832
Telephone: (804) 706-9400
Facsimile: (804) 706-9402
jgoff@jamesgofflaw.com
www.jamesgofflaw.com

2

## **CERTIFICATE**

I hereby certify that a true and correct copy of the foregoing Amended Motion to Rehear and Reconsider was sent via facsimile and mailed, first class postage prepaid, to Jay C. Paul, Esquire, P. O. Box 1193, Prince George, Virginia 23875 on this 5th day of February, 2020.

James M. Goff II

3

**V I R G I N I A:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

**THOMAS CLIFFORD PAYNE,**                                                                    **Plaintiff,**

**v.**                                                **Case No. CL16-2435-00**

**CHERYL CIBULA PAYNE,**                                                                    **Defendant.**

## <u>MOTION TO STAY</u>

COMES NOW your Plaintiff, Thomas Clifford Payne, by counsel, and moves the Court to

stay the Final Decree entered on January 15, 2020 by the Chesterfield Circuit Court, pending the

Motion to Rehear and Reconsider filed simultaneously herein.

THOMAS CLIFFORD PAYNE

By: _____
                                Counsel

James M. Goff II, Esquire
VSB No. 35439
M. Donette Williams, Esquire
VSB No. 93998
JAMES M. GOFF II, P.C.
10310 Memory Lane, Suite 2-C
Post Office Box 313
Chesterfield, Virginia 23832
Telephone: (804) 706-9400
Facsimile: (804) 706-9402
jgoff@jamesgofflaw.com
www.jamesgofflaw.com

## <u>CERTIFICATE</u>

I hereby certify that a true and correct copy of the foregoing Motion to Stay was sent via
facsimile and mailed, first class postage prepaid, to Jay C. Paul, Esquire, P. O. Box 1193, Prince
George, Virginia 23875 on this 5th day of February, 2020.

_____
                                M. Donette Williams

**Top-left panel:**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

20-30524

CHAPTER 13 PLAN
AND RELATED MOTIONS

Name of Debtor(s):  Cheryl Cibula Payne          Case No:

This plan, dated  January 31, 2020 , is:

☑ the first Chapter 13 plan filed in this case.
☐ a modified Plan, which replaces the
   ☐confirmed or ☐ unconfirmed Plan dated ____.

Date and Time of Modified Plan Confirmation Hearing:

Place of Modified Plan Confirmation Hearing:
   U.S. Bankruptcy Court, 701 E. Broad St.,
   Richmond, VA 23219

The Plan provisions modified by this filing are:

Creditors affected by this modification are:

**1. Notices**

To Creditors:

Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.

(1) Richmond and Alexandria Divisions:
The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.
(2) Norfolk and Newport News Divisions: a confirmation hearing will be held even if no objections have been filed.
   (a) A scheduled confirmation hearing will not be convened when:
      (1) an amended plan is filed prior to the scheduled confirmation hearing; or
      (2) a consent resolution to an objection to confirmation anticipates the filing of an amended plan and the objecting party removes the scheduled confirmation hearing prior to 3:00 pm on the last business day before the confirmation hearing.
In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be set on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| A. | A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A | ☐ Included | ☑ Not included |
| C. | Nonstandard provisions, set out in Part 12 | ☐ Included | ☑ Not Included |

**2.** Funding of Plan. The debtor(s) propose to pay the Trustee the sum of $_208.89_ per _month_ for _36_ months. Other payments to the Trustee are as follows:

Page 1

Software Copyright (c) 1996-2010 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Top-right panel:**

20-30524

The total amount to be paid into the Plan is $_7,469.00_.

**3.** Priority Creditors. The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.
A. Administrative Claims under 11 U.S.C. § 1326.
   1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.
   2. Check one box:
   ☑ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(x) and (C)(3)(a) and will be paid $_4,728.00_ , balance due of the total fee of $_5,434.00_ concurrently with or prior to the payments to remaining creditors.
   ☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(x)(ii) and must submit applications for compensation as set forth in the Local Rules.

B. Claims under 11 U.S.C. § 507.
The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in accordance with the option chosen below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| Commonwealth of Virginia | Taxes and certain other debts | 800.00 | Prorata 6 months |

C. Claims under 11 U.S.C. § 507(a)(1).
The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

**4.** Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.

A. Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of this Plan. The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

B. Real or Personal Property to be Surrendered.
Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

Page 2

Software Copyright (c) 1996-2010 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

20-30524

C. Adequate Protection Payments.
The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D. Payment of Secured Claims on Property Being Retained (except those loans grandfathered for in section 6 of the Plan):

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, whichever is less, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| -NONE- | | | | |

E. Other Debts.
Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

**5.** Unsecured Claims.
A. Not separately classified. Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursements to allowed secured and priority claims. Estimated distribution is approximately _1_ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately _0_ %.

B. Separately classified unsecured claims.

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**6.** Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).

A. Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee. The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s)' principal residence is a default under the terms of the plan.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|

Page 3

Software Copyright (c) 1996-2010 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Bottom-right panel:**

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

B. Trustee to make contract payments and cure arrears, if any. The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrears & Est. Term |
|---|---|---|---|---|---|
| -NONE- | | | | | |

C. Restructured Mortgage Loans to be paid fully during term of Plan. Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under this Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| -NONE- | | | | |

**7.** Unexpired Leases and Executory Contracts. The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.
A. Executory contracts and unexpired leases to be rejected. The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

B. Executory contracts and unexpired leases to be assumed. The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

**8.** Liens Which Debtor(s) Seek to Avoid.
A. The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f). The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair debtor(s)' exemptions. Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien. If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| -NONE- | | | | |

B. Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f). The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral |
|---|---|---|

Page 4

Software Copyright (c) 1996-2010 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

EXHIBIT
A

Case 20-30524   Doc 2   Filed 01/31/20   Entered 01/31/20 15:50:00   Desc Main
Document      Page 5 of 12

20-30524

9. **Treatment and Payment of Claims.**
   - All creditors must timely file a proof of claim to receive any payment from the Trustee.
   † - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in the Plan, after the debtor(s) receive a discharge.
   - If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.
   - If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.
   - Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

10. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not transfer, sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

11. **Incurrence of Indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

12. **Nonstandard Plan Provisions**
    ■ None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.

Dated:   **January 31, 2020**

/s/ Cheryl Cibula Payne                    /s/ James H. Wilson, Jr.
Cheryl Cibula Payne                        James H. Wilson, Jr. 27878
Debtor                                     Debtor's Attorney

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 12.

Exhibits:   Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan

**Certificate of Service**

I certify that on   **January 31, 2020**  , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                                    /s/ James H. Wilson, Jr.
                                    James H. Wilson, Jr. 27878
                                    Signature

                                    4860 Cox Road, Suite 200
                                    Glen Allen, VA 23060
                                    Address

                                    804-740-6464
                                    Telephone No.

*CERTIFICATE OF SERVICE PURSUANT TO RULE 7004*

Page 5

---

Case 20-30524   Doc 2   Filed 01/31/20   Entered 01/31/20 15:50:00   Desc Main
Document      Page 6 of 12

20-30524

I hereby certify that on   **January 31, 2020**   true copies of the foregoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):

☐ by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

☐ by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P.

                                    /s/ James H. Wilson, Jr.
                                    James H. Wilson, Jr. 27878

Page 6

---

Case 20-30524   Doc 2   Filed 01/31/20   Entered 01/31/20 15:50:00   Desc Main
Document      Page 7 of 12

20-30524

| Debtor 1 | Cheryl Cibula Payne |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (if known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
MM / DD / YYYY

## Official Form 106I
### Schedule I: Your Income

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:  Describe Employment**

1. **Fill in your employment information.**

|  | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| If you have more than one job, attach a separate page with information about additional employers. | **Employment status** | ☐ Employed | ☐ Employed |
|  | | ☑ Not employed | ☐ Not employed |
| Include part-time, seasonal, or self-employed work. | **Occupation** | | |
| Occupation may include student or homemaker, if it applies. | **Employer's name** | | |
|  | **Employer's address** | | |
|  | How long employed there? | | |

**Part 2:  Give Details About Monthly Income**

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 0.00 | $ N/A |
| 3. | Estimate and list monthly overtime pay. | 3. +$ 0.00 | +$ N/A |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. $ 0.00 | $ N/A |

Official Form 106I          Schedule I: Your Income          page 1

---

Case 20-30524   Doc 2   Filed 01/31/20   Entered 01/31/20 15:50:00   Desc Main
Document      Page 8 of 12

| Debtor 1 | Cheryl Cibula Payne | Case number (if known) | 20-30524 |

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
|  | Copy line 4 here | 4. | $ 0.00 | $ N/A |
| 5. | List all payroll deductions: | | | |
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. | Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. | Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: | 5h. + | $ 0.00 | $ N/A |
| 6. | Add the payroll deductions. Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $ 0.00 | $ N/A |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 0.00 | $ N/A |
| 8. | List all other income regularly received: | | | |
| 8a. | Net income from rental property and from operating a business, profession, or farm | 8a. | $ 0.00 | $ N/A |
|  | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | | | |
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ N/A |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive | 8c. | $ 1,318.00 | $ N/A |
|  | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | | | |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ N/A |
| 8e. | Social Security | 8e. | $ 0.00 | $ N/A |
| 8f. | Other government assistance that you regularly receive | | | |
|  | Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: EBT food card | 8f. | $ 231.00 | $ N/A |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ N/A |
| 8h. | Other monthly income. Specify: | 8h. + | $ 0.00 | $ N/A |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 1,549.00 | $ N/A |
| 10. | Calculate monthly income. Add line 7 + line 9. | 10. | $ 1,549.00 | + $ N/A | = | $ 1,549.00 |
|  | Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | | | | | |
| 11. | State all other regular contributions to the expenses that you list in Schedule J. | | | | | |
|  | Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. | | | | | |
|  | Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J. Specify: | | | | 11. + | $ 0.00 |
| 12. | Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies | | | | 12. | $ 1,549.00 |
|  | | | | | | Combined monthly income |

13. Do you expect an increase or decrease within the year after you file this form?
☐ No.
☑ Yes. Explain: My child support will end when my oldest daughter turns 18 and my EBT food card will reduce by $77 a month.

Official Form 106I          Schedule I: Your Income          page 2

Case 20-30524   Doc 2   Filed 01/31/20   Entered 01/31/20 15:50:00   Desc Main
Document      Page 9 of 12

20-30524

| Debtor 1 | Cheryl Cibula Payne |

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  EASTERN DISTRICT OF VIRGINIA

Case number
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter
13 expenses as of the following date:
MM / DD / YYYY

## Official Form 106J
### Schedule J: Your Expenses                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Your Household**

1. Is this a joint case?
   ☑ No. Go to line 2.
   ☐ Yes. Does Debtor 2 live in a separate household?
      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, Expenses for Separate Household of Debtor 2

2. Do you have dependents?   ☐ No

| Do not list Debtor 1 and Debtor 2. | ☑ Yes. | Fill out this information for each dependent........... | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|---|---|
| Do not state the dependents names. | | | Daughter | 11 | ☐ No  ☑ Yes |
| | | | Daughter | 17 | ☐ No  ☑ Yes |
| | | | | | ☐ No  ☐ Yes |
| | | | | | ☐ No  ☐ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?   ☑ No   ☐ Yes

**Part 2:    Estimate Your Ongoing Monthly Expenses**

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form 106I.)

| | | Your expenses |
|---|---|---|
| 4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 0.00 |
| If not included on line 4: | | |
| 4a.  Real estate taxes | 4a. $ | 0.00 |
| 4b.  Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c.  Home maintenance, repair, and upkeep expenses | 4c. $ | 0.00 |
| 4d.  Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. Additional mortgage payments for your residence, such as home equity loans | 5. $ | 0.00 |

Official Form 106J                    Schedule J: Your Expenses                    page 1

---

Case 20-30524   Doc 2   Filed 01/31/20   Entered 01/31/20 15:50:00   Desc Main
Document      Page 10 of 12

| Debtor 1 | Cheryl Cibula Payne | | Case number (if known) | 20-30524 |

| 6. | Utilities: | | |
|---|---|---|---|
| | 6a.  Electricity, heat, natural gas | 6a. $ | 250.00 |
| | 6b.  Water, sewer, garbage collection | 6b. $ | 37.00 |
| | 6c.  Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 304.00 |
| | 6d.  Other. Specify:  Security system | 6d. $ | 37.00 |
| 7. | Food and housekeeping supplies | 7. $ | 450.00 |
| 8. | Childcare and children's education costs | 8. $ | 350.00 |
| 9. | Clothing, laundry, and dry cleaning | 9. $ | 0.00 |
| 10. | Personal care products and services | 10. $ | 30.00 |
| 11. | Medical and dental expenses | 11. $ | 8.33 |
| 12. | Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | 100.00 |
| 13. | Entertainment, clubs, recreation, newspapers, magazines, and books | 13. $ | 0.00 |
| 14. | Charitable contributions and religious donations | 14. $ | 0.00 |
| 15. | Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a.  Life insurance | 15a. $ | 18.00 |
| | 15b.  Health insurance | 15b. $ | 0.00 |
| | 15c.  Vehicle insurance | 15c. $ | 100.00 |
| | 15d.  Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. $ | 0.00 |
| 17. | Installment or lease payments: | | |
| | 17a.  Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b.  Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c.  Other. Specify: | 17c. $ | 0.00 |
| | 17d.  Other. Specify: | 17d. $ | 0.00 |
| 18. | Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I: Your Income (Official Form 106I) | 18. $ | 0.00 |
| 19. | Other payments you make to support others who do not live with you. Specify: | 19. | |
| 20. | Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income. | | |
| | 20a.  Mortgages on other property | 20a. $ | 0.00 |
| | 20b.  Real estate taxes | 20b. $ | 0.00 |
| | 20c.  Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d.  Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e.  Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | Other. Specify: | 21. +$ | 0.00 |

| 22. | Calculate your monthly expenses. | | |
|---|---|---|---|
| | 22a. Add lines 4 through 21. | $ | 1,631.33 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 1,631.33 |

| 23. | Calculate your monthly net income. | | |
|---|---|---|---|
| | 23a.  Copy line 12 (your combined monthly income) from Schedule I. | 23a. $ | 1,548.80 |
| | 23b.  Copy your monthly expenses from line 22c above. | 23b. $ | 1,631.33 |
| | 23c.  Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. $ | -82.53 |

24. Do you expect an increase or decrease in your expenses within the year after you file this form?
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
☑ No.
☐ Yes.   Explain here:

Official Form 106J                    Schedule J: Your Expenses                    page 2

---

Case 20-30524   Doc 2   Filed 01/31/20   Entered 01/31/20 15:50:00   Desc Main
Document      Page 11 of 12

20-30524

Best Egg/sst
Attn: Bankruptcy
4315 Pickett Rd
St Joseph, MO 64503

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Citibank
Citicorp Credit Srvs/Centralized Bk dept
Po Box 790034
St Louis, MO 63179

Citizens One
One Citizens Plaza
Providence, RI 02903

Commonwealth of Virginia
Dept. of Taxation
PO Box 2369
Richmond, VA 23218-2369

Discover Financial
Attn: Bankruptcy Department
Po Box 15316
Wilmington, DE 19850

Marcus by Goldman Sachs
Attn: Bankruptcy
Po Box 45400
Salt Lake City, UT 84145

Nelnet
Attn: Bankruptcy Claims
Po Box 82505
Lincoln, NE 68501

Pamela Waaland
513 Forest Ave., Ste. 203
Henrico, VA 23229

---

Case 20-30524   Doc 2   Filed 01/31/20   Entered 01/31/20 15:50:00   Desc Main
Document      Page 12 of 12

20-30524

Thomas Clifford Payne
and James M. Goff, II, Esq.
10310 Memory Ln., #2C
Chesterfield, VA 23832

Thomas Clifford Payne
105 Oakwood Ave.
Hopewell, VA 23860

Thomas Payne
105 Oakwood Ave.
Hopewell, VA 23860

Wells Fargo Bank
Attn: Bankruptcy Dept
Po Box 6429
Greenville, SC 29606

# Commonwealth of Virginia



JUDGES
T.J. HAULER
FREDERICK G. ROCKWELL, III
STEVEN C. MCCALLUM
LYNN S. BRICE
DAVID E. JOHNSON
EDWARD A. ROBBINS, JR.
———
JOHN F. DAFFRON, JR.
WILLIAM R. SHELTON
MICHAEL C. ALLEN
HERBERT C. GILL, JR.
HAROLD W. BURGESS, JR.
RETIRED

COUNTY OF CHESTERFIELD
CITY OF COLONIAL HEIGHTS
———
JUDGES' CHAMBERS
POST OFFICE BOX 57
CHESTERFIELD, VIRGINIA 23832-0057
(804) 748-1333
———
TRICIA D. MULLER
ADMINISTRATOR OF JUDICIAL OPERATIONS

## TWELFTH JUDICIAL CIRCUIT

October 23, 2019

James M. Goff II, Esquire
JAMES M. GOFF II, P.C.
10310 Memory lane, Suite 2-C
Chesterfield, Virginia 23832

Jay C. Paul, Esquire
P.O. Box 1193
Prince George, Virginia 23875

        Re:    *Thomas Clifford Payne v. Cheryl Cibula Payne*, CL16-2435

Dear Counsel:

        Enclosed please find Judge Hauler's Letter Opinion for the above referenced
matter.

                                Sincerely,

                                Savannah Altherr, Law Clerk to the
                                Honorable T.J. Hauler

Enclosure



EXHIBIT
B

# Commonwealth of Virginia



JUDGES
T.J. HAULER
FREDERICK G. ROCKWELL, III
STEVEN C. MCCALLUM
LYNN S. BRICE
DAVID E. JOHNSON
EDWARD A. ROBBINS, JR.

JOHN F. DAFFRON, JR.
WILLIAM R. SHELTON
MICHAEL C. ALLEN
HERBERT C. GILL, JR.
HAROLD W. BURGESS, JR.
RETIRED

COUNTY OF CHESTERFIELD
CITY OF COLONIAL HEIGHTS

JUDGES' CHAMBERS
POST OFFICE BOX 57
CHESTERFIELD, VIRGINIA 23832-0057
(804) 748-1333

TRICIA D. MULLER
ADMINISTRATOR OF JUDICIAL OPERATIONS

## TWELFTH JUDICIAL CIRCUIT

October 23, 2019

James M. Goff II, Esquire
JAMES M. GOFF II, P.C.
10310 Memory lane, Suite 2-C
Chesterfield, Virginia 23832

Jay C. Paul, Esquire
P.O. Box 1193
Prince George, Virginia 23875

Re:   *Thomas Clifford Payne v. Cheryl Cibula Payne, CL16-2435*

Dear Counsel:

This matter came before the Court on September 9, 2019 for a hearing for final argument.

After studying the testimony and exhibits submitted in this matter and reviewing the pertinent caselaw, the Court is prepared to rule on the grounds for divorce. After announcing its decision regarding the grounds for divorce, the Court will proceed to the issues of grounds, equitable distribution, custody and visitation, child support, spousal support, and attorney's fees.

### PROCEDURAL BACKGROUND

Mr. Payne filed a Complaint for divorce, through counsel, on August 29, 2016 seeking a divorce *a mensa et thoro* on the grounds of desertion, with leave to merge the said divorce into a divorce *a vinculo matrimonii* at the expiration of the statutory period.

Mr. Payne also requested joint legal and primary physical custody of the parties' minor children, visitation, and equitable distribution of marital property.

Through counsel, Ms. Payne Answered and filed a Counter Complaint on September 15, 2016. She denied the Plaintiff's allegation of desertion and moved for divorce *a mensa et thoro* to merge into a divorce *a vinculo matrimonii* based on grounds of cruelty and desertion. She also requested sole custody of the minor children, child and spousal support, exclusive possession of

Page **1** of **12**

the marital residence, equitable distribution, attorney's fees, and that the Court enjoin and restrain the Plaintiff from dissipating marital assets.

Plaintiff Answered the Counter Complaint on September 27, 2016, denying Defendant's allegations. A *pendente lite* hearing was held on October 14, 2016 and *pendente lite* Order consistent with the ruling of the October hearing was entered on February 1, 2017. A second *pendente lite* hearing was held on April 3, 2017 and an Order consistent with the ruling from that hearing was entered on April 28, 2017. A third *pendente lite* hearing was held on September 15, 2017 and an Order consistent with the ruling from that hearing was entered on November 7, 2017. A Domestic Relations Pretrial Order was entered on June 3, 2019.

The Court heard final argument on September 9, 2019 and received and reviewed evidence via *de benne esse* depositions dated July 26, 2019, August 4, 2019, August 7, 2019, as well as the transcript and exhibits of the final hearing on September 9, 2019.

## GROUNDS FOR DIVORCE

Plaintiff and Defendant were married on May 8, 1999 in Chesterfield, Virginia. T. Payne Dep. 4: 12-14, Aug. 4, 2019. There are two children of the marriage, Madelyn Rebecca Payne and Jenna Elizabeth JeeAH Payne. *Id.* at 5:. 3-12. Madelyn, was born to the parties during the marriage on March 8, 2002. *Id.* at 5: 6-9. Jenna was born on June 20, 2008 and was adopted by the parties. *Id.* at 5:10-16. The parties last cohabited at 7901 Dunnottar Court in Chesterfield, Virginia 23838. *Id.* at 5:1-2. The parties separated on July 15, 2016.

Plaintiff and Defendant each sought divorce based on grounds of desertion. Additionally, Defendant sought divorce on alternative grounds of cruelty. The Court finds that each party failed to meet its respective burden of proof sufficient to find for a divorce based on cruelty or desertion.

With regard to fault, Defendant's counsel briefly argued recrimination. Hr'g. Tr. 4:12-18, Sept. 9, 2019. However, evidence to determine fault with regard to recrimination was insufficient for such a determination.

The Court finds that the parties presented sufficient evidence to demonstrate that the appropriate ground for divorce is living separate and apart, with no cohabitation nor interruption in excess of one year.

## EQUITABLE DISTRIBUTION

### I.    STATUTORY FACTORS

Virginia Code § 20-107.3(E) requires the Court to weigh the following eleven factors to determine the appropriate scheme of equitable distribution:

1. **The contributions, monetary and nonmonetary, of each party to the well-being of the family;**

Plaintiff contributed the entirety of the family's monetary resources for all but the first four years of the 17-year marriage. C. Payne Dep. 5:18-22; 7:13-17, Aug. 7, 2019. Throughout the course of the parties' marriage, Plaintiff was employed as an electrician. Plaintiff regularly worked overtime to support the family. T. Payne Dep. 12:2-19, Aug. 4, 2019. Plaintiff also worked a part-time job during six months of 2008 when he experienced a drop in pay due to the recession. *Id.* at 12:23-25; 13:3-4. From 2009 through the time of separation, Plaintiff worked in excess of 60 hours per week. *Id.* 13:24-25. Additionally, Plaintiff worked more than 12 hours per day, six days per week at Defendant's request for him to engage in working additional overtime. *Id.* at 12:8-19, Aug. 4, 2019.

Despite working six days per week, Plaintiff spent every Sunday, his only day off, with his daughters. *Id.* 9:17-20. He spent time engaging with them in activities that each enjoyed, such as hiking with Madelyn and playing on the trampoline with Jenna. *Id.* at 9: 21-23; 10:1-5.

Defendant worked as an insurance claims adjustor during the first four years of the marriage, but not at all afterwards. C. Payne Dep. 5:18-22; 7:13-17, Aug. 7, 2019. After the birth of their first daughter, Defendant stayed home to take care of their daughter and maintain the household. *Id.* at 8:9-23. The care of the children became Defendant's primary responsibility and the parties decided to home school the children. *Id.* at 12:1-9. Defendant stated that she home schools the children between 5 and 6 hours each day. C. Payne Dep. 127:1-3.

2. **The contributions, monetary and nonmonetary, of each party in the acquisition and care and maintenance of such marital property of the parties;**

While at home, Plaintiff maintained the martial residence by acting as a handyman carpenter. T. Payne Dep. 12:2-19, Aug. 4, 2019. Plaintiff built things and landscaped the property, for example, by creating a fish pond and a large patio for the children's toys. *Id.* at 10:6-16. Plaintiff also repaired the property himself when necessary instead of hiring a third-party contractor. *Id.* at 21:6-11. For example, Plaintiff installed a back-up generator, repaired various plumbing problems, repainted the rooms, and installed an irrigation system in the yard. *Id.* at 21:14-23.

Defendant maintained the household. C. Payne Dep. 8:9-23, Aug. 7, 2019. She also maintained the family's finances during the course of the marriage. C. Payne Dep. 13:4-7, July, 26, 2019. However, Defendant ceased paying mortgage on the marital residence during the course of the litigation, which caused the foreclosure proceedings. *Id.* at 46:1-14. Defendant claims that she did not have the money to pay the mortgage during this time period. During this time period, the mortgage payment was $2,350 per month. C. Payne Dep. 142:10-13, Aug. 4, 2019. During this same time period, Plaintiff was paying Defendant $3,876 per month in support. *Id.* at 143:14-18. Ultimately, Defendant's actions cost the parties the asset of the marital residence and, instead, created $11,624.98 in debt due to defaulting on the mortgage. Pl. Ex. 2, Sep. 9, 2019.

Defendant also failed to care for certain items of marital property after she asked Plaintiff to leave the marital residence. Defendant admits to "junk[ing]" items that possibly belonged Plaintiff by allowing her father and brother to take them to the dump. C. Payne Dep. 53:15-24, August 7, 2019. Defendant did not take inventory of the items or reach out to Plaintiff's attorney to allow Plaintiff the opportunity to retrieve the items. *Id.* at 54: 19-24. Defendant further denied Plaintiff access to the marital residence to retrieve his personal property. C. Payne Dep. 128: 5-6.

After the roof of the marital residence was damaged during a hail storm, Defendant had a contractor inspect the damage. This was assessed at $17,800. C. Payne Dep., 175:23-25, Aug. 4, 2019. After the contractor failed to follow through with repairing the roof, Defendant chose not to contact another contractor for the repair. *Id.* at 174: 2-11. After a second hailstorm, Defendant chose not to have any additional damage assessed. *Id.* at 176: 1-4.

After separation, Defendant hired an electrician to complete $2,700.00 worth of electrical work on the marital residence instead of asking Plaintiff, who is an electrician, to complete the work at no cost. Hr'g Tr. 45:2-17, Sep. 9, 2019. This explains the increase in the Citi card October 2016 statement. *Id.*; T. Payne Dep., Pl. Ex. 8, Aug. 4, 2019.

### 3. The duration of the marriage;

The couple married on May 8, 1999 and separated on July 15, 2016. The duration of the marriage was approximately 17 years and 2 months.

### 4. The ages and physical and mental condition of the parties;

Plaintiff is 50 years old and is in good mental and physical health, other than a diagnosis of high blood pressure. T. Payne Dep. 22:11-18, Aug. 4, 2019.

Defendant is 48 years old. C. Payne Dep. 7:23-24, July 26, 2019. Defendant testified that she has a health condition but has not sought disability for this condition. *Id.* at 8:3-14.

### 5. The circumstances and factors which contributed to the dissolution of the marriage, specifically including any ground for divorce under the provisions of subdivision A (1), (3) or (6) of § 20-91 or § 20-95;

Plaintiff presented evidence that, prior to separation, Defendant secreted finances, moved money outside the scope of the marital accounts and represented that she had only one checking account. C. Payne Dep. 37:8-21, 38:10-17, 39:7-21, 48:13-24, 70:3-16, July 26, 2019.

### 6. How and when specific items of such marital property were acquired;

See "Assets and Debts" discussion below.

### 7. The debts and liabilities of each spouse, the basis for such debts and liabilities, and the property which may serve as security for such debts and liabilities;

See "Assets and Debts" discussion below.

**8. The liquid or nonliquid character of all marital property;**

All assets subject to division are liquid, with the exception of the personal property and coins.

**9. The tax consequences to each party;**

Defendant testified that she did not file jointly and instead claimed both of the parties' minor children on her 2018 tax returns as dependents. C. Payne Dep. 110:10-15.

**10. The use or expenditure of marital property by either of the parties for a nonmarital separate purpose or the dissipation of such funds, when such was done in anticipation of divorce or separation or after the last separation of the parties; and**

As previously discussed, Defendant failed to pay the mortgage to the marital residence despite living there after having asked Plaintiff to leave the residence. Pl. Ex. 2, Sep. 9, 2019. Her failure to pay the mortgage cost the parties the asset of the marital residence. *Id.* This constituted waste of a marital asset.

Defendant also failed to care for certain items of marital property after she asked Plaintiff to leave the marital residence. Defendant admits to "junk[ing]" items that possibly belonged Plaintiff by allowing her father and brother to take them to the dump. C. Payne Dep. 53:15-24, August 7, 2019. Defendant did not take inventory of the items or reach out to Plaintiff's attorney to allow Plaintiff the opportunity to retrieve the items. *Id.* at 54: 19-24.

**11. Such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable monetary award.**

Defendant testified that did not have any money with which to make the mortgage payments for the marital residence, which resulted in foreclosure. C. Payne Dep. 115:11-13, Aug. 4, 2019. However, Plaintiff presented evidence that Defendant had a bank balance of $44,000.00 during the time period of foreclosure. T. Payne Dep., Pl. Ex. 12, Aug. 4, 2019.

## II.   ASSETS AND DEBTS

"Property is presumed to be marital if it was obtained by either spouse during the marriage, and before the last separation of the parties unless evidence process that the property is separate." *Luczkovich v. Luczkovich*, 26 Va. App. 702, 715 (1998) (citing Va. Code § 20-107.3(A)(2)). If parties fail to present evidence to determine classification of an item as separate or marital property, then the statutory presumption requires the Court to classify the property as marital.

The parties have agreed that all assets held by the couple are marital, with the exception of Defendant's engagement ring. Hr'g Tr. 25:10-18, Sep. 9, 2019.

Plaintiff submitted a proposed distribution of property. Pl. Ex. 3, Sep. 9, 2019. Defendant did not submit a proposed distribution form.

The following discussion allocates the parties assets:

**1. Personal Property:**

This is the personal property listed in the Plaintiff's Personal Property list. T. Payne Dep., Pl. Ex. 15, Aug.4, 2019. Plaintiff estimates that this property, minus the cost of Defendant's engagement ring, is valued at $39,927.00. Pl. Ex. 3, Sep. 9, 2019. Defendant provided no estimate of the value of the property listed, but argued that Plaintiff's estimate was an overestimate. Hr'g Tr. 79:15-22, Sep. 9, 2019.

**2. Gold & Silver Coins:**

Defendant purchased gold and silver coins during the course of the marriage. C. Payne Dep. 122: 4-8, Aug. 4, 2019. She testified that these coins were all distributed to the children whenever they lost a tooth. *Id.* at 147:8-16. However, the coins were stored generally in a safe. *Id.* at 147: 24-25. Plaintiff estimated that these gold and silver coins are valued at $10,070.00. T. Payne Dep., Pl. Ex. 16, Aug. 4, 2019. Defendant estimated that these coins are valued at "a little over $4,000.00." Hr'g Tr. 77:19-22, Sep. 9, 2019.

**3. Madelyn's Account:**

Although this account is held in Madelyn's name, Plaintiff presented evidence that Defendant has transferred marital funds into this account and has used it as her own. C. Payne Dep. 39:7-21, 48:13-24, July 26, 2019. Plaintiff presented evidence that the account was valued at $4,921.33 at separation. C. Payne Dep. 101:1-8, Aug. 7, 2019. Plaintiff presented evidence that this account is currently valued at $6,921.29. T. Payne Dep., Pl. Ex. 9, Aug. 7, 2019. Defendant argued that this account is valued at $4,900.00 at the date of separation. Hr'g Tr. 63:2-4, Sep. 9, 2019.

**4. Wells Fargo Account 0606:**

This account is the parties' joint account. Hr'g Tr. 46:14-16. Plaintiff values this account is valued at $1,300.58. Pl. Ex. 3, Sep. 9, 2019.

**5. Insurance Check:**

After a storm damaged the roof of the Marital Residence, the parties' homeowner's insurance company issued a check to cover the repair of the damage. C. Payne Dep. 93:3-5, Aug. 4, 2019. The check was issued in both parties' names in the amount of $17,884.72. C. Payne Dep. 107: 19-22; Pl. Ex. 11, Aug. 4, 2019. Defendant converted this check to her own personal use.

**6. Wells Fargo Defendant's Account**

Defendant testified that this is her only checking account. C. Payne Dep. 48:13-24, July 26, 2019. Plaintiff presented evidence that this account is valued at $75,004.44. Pl. Ex. 11, Aug. 4, 2019.

### 7.  Gerdau 401(k)

This is Plaintiff's 401(k) Retirement Savings Plan. T. Payne Dep., Pl. Ex. 3, Aug. 4, 2019. Plaintiff presented evidence that this account is valued at $182,787.44. *Id.* at Pl. Ex. 6.

The following discussion allocates the parties' debts:

### 1.  Citi Card:

Plaintiff submitted evidence that the balance of this credit card was $8,699.98 at the date of valuation. Pl. Ex. 9, Aug. 4, 2019.

### 2.  Chase Card:

Plaintiff submitted evidence that the balance of this credit card was $12,477.21 at the date of valuation. Pl. Ex. 10, Aug. 4, 2019.

### 3.  Default on the Mortgage of the Marital Residence:

After Defendant ceased making payments towards the mortgage of the Marital Residence, the property went into foreclosure. This resulted in a $11,624.98 deficiency on the mortgage. Pl. Ex. 3, Sep. 9, 2019. Plaintiff requested this value to be an offset for him and a zero charge for Defendant.

### 4.  Wells Fargo Line of Credit:

This Line of Credit is in both parties' names. T. Payne Dep., Pl. Ex. 8, Aug. 4, 2019. Plaintiff presented evidence that this line of credit has a balance of $2,952.14. *Id.*

### III.   EQUITABLE DISTRIBUTION AWARD

After fully considering the evidence presented and factors of § 20-107.3 the Court distributes the parties' assets as follows:

### 1.  Personal Property:

In recognition of Plaintiff's proposed distribution and Defendant's final arguments, the Court orders that the personal property is allocated to Defendant. The Court finds that this asset is valued at $39,927.00.

### 2.  Gold & Silver Coins:

In recognition of Plaintiff's proposed distribution and Defendant's final arguments, the Court orders that the gold and silver coins are allocated to Defendant. The Court finds that this asset is valued at $10,700.

### 3. Madelyn's Account:

In recognition of Plaintiff's proposed distribution, the Court orders that the value of this account be allocated Defendant. The Court finds that this asset is valued at $6,921.29.

### 4. Wells Fargo Account 0606:

In recognition of Plaintiff's proposed distribution, the Court orders that the value of this account be allocated to Defendant. The Court finds that this asset is valued at $1,300.58

### 5. Gerdau 401(k):

In recognition of Plaintiff's proposed distribution, the Court orders that the value of this account is allocated to Plaintiff. The Court finds that this asset is valued at $182,787.68.

After fully considering the evidence presented and factors of § 20-107.3 the Court distributes the parties' debts as follows:

### 1. Citi Card:

In recognition of Plaintiff's proposed distribution, the Court orders that the value of this account be allocated to Plaintiff. The Court finds that the balance of this card is valued at $8,699.98.

### 2. Chase Card:

In recognition of Plaintiff's proposed distribution, the Court orders that the value of this account be allocated to Plaintiff. The Court finds that the balance of this card is valued at $12,477.21.

### 3. Deficiency on the Mortgage of the Marital Residence:

In recognition of Plaintiff's proposed distribution, the Court orders that the reaming value of the deficiency on the mortgage of the Marital Residence be allocated to Plaintiff. The Court finds that the balance is valued at $5,812.49.

### 4. Wells Fargo Line of Credit:

In recognition of Plaintiff's proposed distribution, the Court orders that the value of this line of credit be allocated to Plaintiff. The Court finds that the balance of this line of credit is valued at $2,952.14.

### CUSTODY AND VISITATION

There are two children of the marriage: Madelyn Rebecca Payne, born March 8, 2002, and Jenna Elizabeth JeeAH Payne, born June 20, 2008. A Pendente Lite Order concerning Custody and Visitation Order was entered by this Court on February 1, 2017 awarding joint legal custody of the parties' minor children to Plaintiff and Defendant. Defendant was awarded primary physical custody. Each party was permitted to have contact with the children by telephone at reasonable times and as the situation may warrant. Plaintiff was entitled to every other weekend visitation with both children, beginning on Fridays at 6:00 p.m. until Sundays at 6:00 p.m. Plaintiff was also entitled to one night per week visitation between 6:00 p.m. and 8:00 p.m. Should the parties be unable to agree on a specific night, the default night was ordered to be Wednesday. Plaintiff was ordered to refrain from alcohol use during the twenty-four hours prior to visitation.

The Court finds that Plaintiff and Defendant shall share joint legal custody of the children. Defendant shall have primary physical custody of the children. Visitation for the Plaintiff shall be in accordance with that outlined above.

### CHILD SUPPORT

The Court holds that child support will be calculated by the statutory guidelines pursuant to Va. Code Ann. § 20-108.2. For the purposes of child support, the Court imputes an income of $45,000 per year to Defendant. This calculation is based on her previous salary as a senior claims adjustor. C. Payne Dep. 136: 9-23, Aug. 4, 2019. Plaintiff's income, based on his 2018 paystubs, is calculated at $118,875.70. T. Payne Dep., Pl. Ex. 4, Aug. 4, 2019. The Court Orders Mr. Goff to compute child support calculations using these figures. The support is not a unitary value. Thus, the child support calculation will change when the oldest child reaches the age of majority, such that the calculation will only be based upon supporting one child. Plaintiff will be afforded credit for all health, dental and vision insurance maintained by him for the benefit of his children.

### SPOUSAL SUPPORT

Defendant requested an award of Spousal Support in Countercomplaint. In determining whether to award spousal support, the Court considered the circumstances and factors that contributed to the dissolution of the marriage. In making its determination as to a specific amount of spousal support, the Court referred to Virginia Code Section 20-107.1(E), which directs the Court to consider the following factors:

1. **The obligations, needs, and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature**

Plaintiff's Gerdau 401(k) retirement plan is the only retirement plan between the parties.

Page **9** of **12**

### 2. The standard of living established during the marriage

During the marriage, the parties established a middle class standard of living.

### 3. The duration of the marriage

The Court incorporates its findings discussed above under Equitable Distribution and Spousal Support.

### 4. The age and physical and mental condition of the parties and any special circumstances of the family

The Court incorporates its findings discussed above under Equitable Distribution and Spousal Support.

### 5. The extent to which the age, physical or mental condition or special circumstances of any child of the parties would make it appropriate that a party not seek employment outside of the home

Such circumstances do not exist in this case. Defendant testified that neither child is disabled. C. Payne Dep. 8:18-21, July 26, 2019.

Defendant is currently pursuing education for a career in closed captioning. C. Payne Dep. 94: 14-17, Aug. 4, 2019. She previously earned a Bachelor's of Science in accounting. C. Payne Dep. 9:14-18. Although Defendant has been unemployed for some time, she testified that she was certified as a CPA in 1998. C. Payne Dep. 9:19-24, July 26, 2019. C. Payne Dep. 9:19-24, July 26, 2019.

### 6. The contributions, monetary and nonmonetary, of each party to the well-being of the family

The Court incorporates its findings discussed above under Equitable Distribution and Spousal Support.

### 7. The property interests of the parties, both personal, tangible and intangible

The Court incorporates its findings discussed above under Equitable Distribution and Spousal Support.

### 8. The provisions made with regard to the marital property under Virginia Code section 20-107.3

The Court incorporates its findings discussed above under Equitable Distribution and Spousal Support.

9. **The earning capacity, including the skills, education and training of the parties and the present employment opportunities for persons possessing such earning capacity**

In determining the earning capacity of a spouse, the Court must base any award on the current circumstances. *Payne v. Payne*, 5 Va. App. 359, 363 (1987). A spouse is obligated to earn as much as she reasonably can to reduce the amount of support needed. *Srinivasan v. Srinivasan*, 10 Va. App. 728, 734 (1990). The finding that a spouse is capable of earning more income than is presently reported must be based on evidence and not on speculation. *Jacobs v. Jacobs*, 219 Va. 993, 995 (1979).

Defendant testified that she was currently pursuing education for a career in closed captioning where she could earn a salary of $40,000.00. C. Payne Dep. 169: 16-21, Aug. 4, 2019. This salary is much lower than the $45,000.00 salary that Defendant had earned while working as a senior claims adjustor. *Id.* at 136: 9-23. Defendant testified that she was no longer pursuing a career as a senior claims adjustor because she did not want to do so. *Id.* at 167:7-15.

10. **The opportunity for, ability of, and the time and costs involved for a party to acquire the appropriate education, training and employment to obtain the skills needed to enhance his or her earning ability**

Defendant testified that she enrolled in an online course through Auburn University. C. Payne Dep. 131: 11-15, Aug. 4, 2019. Again, Defendant is currently pursuing education for a career that would yield much lower earning capacity than her prior earning capacity as a senior claims adjustor. C. Payne Dep. 136: 9-23, Aug. 4, 2019.

11. **The decisions regarding employment, career, economics, education, and parenting arrangements made by the parties during the marriage and their effect on present and future earning potential, including the length of time one or both of the parties have been absent from the job market**

After the birth of their first daughter, the parties decided that Plaintiff would work to support the family financially while Defendant would stay home with the children. C. Payne Dep. 137: 5-10, Aug. 4, 2019. Prior to this time, Defendant worked as a senior claims adjustor. *Id.* at 136: 14-23. Although Defendant has been unemployed for some time, she testified that she was certified as a CPA in 1998. C. Payne Dep. 9:19-24, July 26, 2019.

12. **The extent to which either party has contributed to the attainment of education, training, career position or profession of the other party**

The Court incorporates its findings discussed above under Equitable Distribution and Spousal Support.

13. **Such other factors, including the tax consequences to each party and the circumstances and factors that contributed to the dissolution, specifically**

**including any ground for divorce, as are necessary to consider the equities between the parties.**

The Court incorporates its findings discussed above under Equitable Distribution and Spousal Support.

## SPOUSAL SUPPORT RULING

In examining the evidence, the Court is of the opinion that Defendant has secreted large sums of money during the course of the litigation. The Court believes that it is sufficient for meeting her needs for quite some time in the future. Plaintiff presented evidence that Defendant was not candid with the Court regarding her finances. For example, Defendant transferred money into various accounts and represented to the Court that she had only one checking account. C. Payne Dep. 37:8-21, 38:10-17, 39:7-21, 48:13-24, 70:3-16, July 26, 2019.

Further, Defendant failed to diligently seek employment because she testified that she was "extremely busy" and had not "had an opportunity." C. Payne Dep. 19:12-15. She also admitted that she had not prepared a resume with which to pursue employment despite having been separated from Plaintiff for 3 years. *Id.* at 20:2-4. However, Defendant testified that she has gone tanning between 100 and 150 days during the approximately 1,000 days since separation. C. Payne Dep. 96:12-23, Aug. 7, 2019. Defendant previously testified that out of approximately the 1,000 days since separation, she could not find time to compile a resume. C. Payne Dep. 20:13-17, July 26, 2019.

The Court therefore declines to grant spousal support at this time. However, the Court does grant Defendant a reservation of Spousal Support.

## ATTORNEY'S FEES RULING

"[An] award for attorney's fees in a divorce matter is left to the sound discretion of the trial court." *Rinaldi v. Rinaldi*, 53 Va. App. 61, 78 (2008). After consideration of factors, including reasonableness of services rendered and evidence of time expended by counsel, the Court grants Plaintiff's request for attorney's fees in the amount of $57,000.

## PREPARATION OF DECREE

The Court directs Mr. Goff, counsel for the Plaintiff to draft a Final Decree consistent with its ruling, forward the same to Mr. Paul for his endorsement, who will submit the fully endorsed decree to the Court within 30 days of the date of this letter.

Sincerely,

Hon. J.J. Hauler, Judge

## Payne v. Payne: Equitable Distribution

### Assets

| | Value | Distribution |
|---|---|---|
| **Real & Personal Property** | | |
| Personal Property | $39,927.00 | To Wife |
| Gold & Silver Coins | $10,070.00 | To Wife |
| **Accounts & Proceeds** | | |
| Maddie's Account | $6,921.29 | To Wife |
| Wells Fargo Account 0606 | $1,300.58 | To Wife |
| Insurance Check | $17,884.72 | To Wife |
| Wells Fargo W's Account | $75,004.44 | To Wife |
| Gerdau 401(k) | $182,787.68 | To Husband |
| **Total Assets** | $333,895.71 | |
| To Wife | $151,108.03 | |
| To Husband | $182,787.68 | |

### Debts

| | Value | Distribution |
|---|---|---|
| Citi Card | ($8,699.98) | To Husband |
| Chase Card | ($12,477.21) | To Husband |
| $11624.98 Deficiency on the Mortgage | ($5,812.49) | To Husband |
| Wells Fargo Line of Credit | ($2,952.14) | To Husband |
| **Total Debt** | ($29,941.82) | To Husband |
| To Wife | $0.00 | |
| To Husband | ($29,941.82) | |

| **Grand Total** | | |
|---|---|---|
| To Husband | $152,845.86 | |
| To Wife | $151,108.03 | |

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

**THOMAS C. PAYNE,**                                                            **Plaintiff,**

**v.**                                              **Case No. CL16-2435**

**CHERYL CIBULA PAYNE,**                                            **Defendant.**

### FINAL DECREE

This cause, which has been regularly docketed, matured, and set for hearing, came to be

heard this day upon the plaintiff's Complaint; upon proof of proper legal service of process

thereof upon the defendant; upon the defendant's Answer to the Complaint and Counterclaim;

upon the Answer to the Counterclaim; upon the *ore tenus* testimony on September 9, 2019; upon

the Court's review of evidence and exhibits by *de benne esse* depositions dated July 26, 2019,

August 4, 2019, August 7, 2019; and upon this Court's letter ruling dated October 23, 2019,

which is incorporated and made a part of the ruling herein.

UPON CONSIDERATION WHEREOF, it appearing to the Court independently of the

admissions of either party in the pleadings or otherwise that the plaintiff and the defendant were

lawfully married in Chesterfield, Virginia on May 8, 1999; that both parties have been actual

bona fide residents and domiciliaries of the Commonwealth of Virginia for more than six months

next preceding the institution of this suit; that the parties to this suit are over the age of eighteen

(18) years; that the defendant is not currently pregnant by the plaintiff; that neither party is a

member of the Armed Forces of the United States or any of its Allies; that neither party is

incarcerated; that neither party suffers from a condition that would render them legally

incompetent; that the parties last resided together in the marital home located at 7901 Dunnottar

Court, Chesterfield, Virginia; that the parties separated on or about July 15, 2016; that upon



evidence and testimony presented the Court found that based upon the examination of all circumstances the grounds for divorce were adequately established and corroborated that the parties intended and lived separate and apart, without interruption or cohabitation, for a period in excess of one year and that the plaintiff is granted a divorce from the defendant on the grounds of their having lived separate and apart, without interruption or cohabitation, for a period in excess of one year; that there was one child born of the marriage namely, Madelyn Rebecca Payne, born May 8, 2002, and one child adopted by the parties during the marriage, namely, Jenna Elizabeth JeeAH Payne, born June 20, 2008; therefore the parties are entitled to a divorce on the grounds of a one-year separation period.

It is therefore ADJUDGED, ORDERED and DECREED that the plaintiff be awarded a final divorce on the grounds that the parties have lived separate and apart without cohabitation and without interruption for a period of time in excess of one year, and the bond of matrimony created by the marriage between the parties on May 8, 1999 be and is dissolved.

## EQUITABLE DISTRIBUTION

The Court, having carefully and fully considered all of the evidence of the parties, their exhibits, and having further considered the classification of the properties of the parties pursuant to Va. Code Ann. § 20-107.3(B), their rights and equities therein pursuant to Va. Code Ann. § 20-107.3(D), the authority of the Court to grant a monetary award or to order the division or transfer of jointly owned marital property pursuant to Va. Code Ann. § 20-107.3(C) and (D), and based upon a full consideration of each and every factor set forth in Va. Code Ann. § 20-107.3(E) and the testimony, stipulations and exhibits introduced relating to each of said factors, hereby makes the following findings and enters the following order relating to the equitable

distribution of the property of the parties. Specifically, in accordance with its letter opinion issued October 23, 2019, the Court finds:

**1. 7901 Dunnotar Court, Chesterfield, Virginia (the marital residence)**

The Court finds this property as marital. The Court heard testimony by the parties' and found that the Defendant failed to pay the mortgage on the property and that said failure cost the parties the asset of the marital residence and, instead created $11,624.98 in debt due to the mortgage default.

The Court finds the Defendant's failure to pay the mortgage on the marital residence constituted waste of a marital asset. The Court finds the remaining value of the deficiency on the mortgage is $5,812.49. The Court orders that the value of the deficiency on the mortgage be allocated to the Plaintiff.

**2.    Personal Property.**

The Court finds that the personal property submitted as evidence at trial by the Plaintiff is valued at $39,927.00. The Court orders that the personal property value be allocated to Defendant.

**3.    Gold and Silver Coins.**

The Court finds that this property as marital. The Court finds that the value of the gold and silver coins is $10,700.50. The Court orders that the value of the gold and silver coins be allocated to the Defendant.

**4.    Bank Account of Madelyn Payne.**

The Court finds this property as marital. The Court finds the value of the account is $6,921.29. The Court orders that the value of the account be allocated to the Defendant.

5.  **Wells Fargo Account 0606.**

The Court finds this property as marital. The Court finds the value of this account to be $1,300.58. The Court orders that the value of this account be allocated to the Defendant.

7.  **Gerdau 401(k).**

The Court finds this as marital property. The Court finds the value of this account to be $182,787.68. The Court orders that the value of this account be allocated to the Plaintiff.

8.  **Citi Card.**

The Court finds this as marital property. The Court finds the value of this account to be $8,699.98. The Court orders that the value of this account be allocated to the Plaintiff.

9.  **Chase Card.**

The Court finds this as marital property. The Court finds the value of this account to be $12,477.21. The Court orders that the value of this account be allocated to the Plaintiff.

10.  **Wells Fargo Line of Credit.**

The Court finds this as marital property. The Court finds the value of this account to be $2,952.14. The Court orders that this account be allocated to the Plaintiff.

11.  **Insurance Check.**

The Court finds that the insurance proceeds for storm damage to the marital residence received from the parties' home owner's insurance company in the amount of $17,884.72 was converted by the Defendant for her own personal use. The Court orders that the insurance proceeds in the amount of $17,884.72 shall be allocated to the Defendant.

**12.    Defendant's Wells Fargo Account.**

The Court finds this account to be marital property.  The value of this account is $75,004.44.  The Court orders that this account in the amount of $75,004.44 be allocated to the Defendant.

## SPOUSAL SUPPORT

The Court has considered all of the factors in §20-107.1(E) & (F) of the Code of Virginia (1950), as amended, as to which evidence was presented.  After reviewing the evidence and testimony of parties' income, and as specifically set forth in its letter opinion dated October 23, 2019, which is incorporated and made a part of the Order herein, the Court finds that the Defendant secreted large sums of money during the course of litigation and was not candid with the Court regarding her finances.  The Court declines to award spousal support to the Defendant at this time, however, grants the Defendant a reservation of spousal support.

## CHILD CUSTODY AND VISITATION

The Court finds that the Plaintiff and Defendant shall share joint legal custody of the minor children.  The Defendant shall have primary physical custody of the minor children.

The Plaintiff shall be entitled to visitation as follows:

a.    Every other weekend beginning at 6:00 p.m. until Sunday at 6:00 p.m.

b.    The Plaintiff shall have one night of visitation per week beginning at 6:00 p.m. until 8:00 p.m.  The default weeknight visitation shall be Wednesday unless otherwise agreed to by the parties.

c.    The Plaintiff shall refrain from alcohol use during the twenty-four hours prior to visitation.

d.    Each party shall be permitted contact with the minor children at reasonable times as the situation may warrant.

## CHILD SUPPORT

In computing the guidelines, the Court finds that Defendant's imputed income is $45,00.00 annually, based on her previous salary as a senior claims adjuster. The Court finds that the Plaintiff's income is $118,875.70 annually, based upon his 2018 paystubs. The cost of health and dental insurance for the children is $129.00 per month which is ORDERED to be paid by the Plaintiff. The presumptive amount of child support is $1,365.00 per month (**Exhibit A**), and accordingly, it is hereby

ORDERED that the Plaintiff shall pay to Defendant $1,365.00 per month in child support for the parties' two minor children in two monthly installments of $682.50 on the 1st and 15th day of each and every month. The first payment of $682.50 is due on the first day of the month beginning November 1, 2019 and shall continue thereafter on the 1st and 15th of each and every month. The child support calculation shall change when the eldest child reaches the age of majority, such that the child support calculation will be based upon supporting the one remaining minor child of the parties.

It is further ORDERED that, pursuant to Va. Code Ann. §20-124.5, each party shall be required to provide thirty (30) days advance written notice to the Court and to the last known address of the other party of any intended change of address. Such notice shall provide the Court and the other party of the intended date of change of address, the specific street, route address, city or county, state and zip code of the intended new address. Such written notice shall be mailed to the Court at Clerk, Chesterfield Circuit Court, P.O. Box 125, 9500 Courthouse Road, Chesterfield, VA 23832-0115.

It is further ORDERED, pursuant to Section 20-60.3 of the Code of Virginia, 1950, as amended, the following is made a part hereof:

1.     Notice that support payments may be withheld as they become due pursuant to Section 20-79.1 or Section 20-79.2 from income as defined in Section 63.2-1900, without further amendments of this order or having to file an application for services with the Department of Social Services; however, absence of such notice in an order entered prior to July 1988, shall not bar withholding of support payments pursuant to Section 20-79.1.

2.     Notice that support payments may be withheld pursuant to Chapter 19 (Section 63.2-1900 et seq.) of Title 63.2 without further amendments to the order upon application of services with the Department of Social Services; however, absence of such notice in an order entered prior to July 1, 1988, shall not bar withholding of support payments pursuant to Chapter 19 (Section 63.2-1900 et seq.) of Title 63.2.

3.     THAT the name, date of birth and the social security number of each person to whom the duty of support is owed are as follows:

| | |
|---|---|
| Madelyn Rebecca Payne | See Addendum previously filed herein |
| Jenna Elisabeth JeeAh Payne | See Addendum previously filed herein |

4.     THAT the parental information is as follows:

| | |
|---|---|
| Defendant's/Mother's Name: | Cheryl Cibula Payne |
| Date of Birth: | See Addendum previously filed herein |
| Current Address: | 7610 Courthouse Road |
| | Prince George, Virginia |
| Telephone Number: | (804) 768-1644 |
| Driver's License Number: | T65471531 |
| Social Security Number: | See Addendum previously filed herein |
| Employment: | not employed |
| Plaintiff's/Father's Name: | Thomas Clifford Payne |
| Date of Birth: | See Addendum attached hereto |
| Current Address: | 105 Oakwood Avenue |

|                         |                                       |
|-------------------------|---------------------------------------|
|                         | Hopewell, Virginia 23860              |
| Telephone Number:       | (804) 426-7234 cell                   |
| Driver's License Number:| A2464598                              |
| Social Security Number: | See Addendum previously filed herein  |
| Employment:             | Gerdau                                |
|                         | 25801 Hofheimer Way                   |
|                         | Petersburg, Virginia 23803            |
| Telephone number:       | (804) 520-0286                        |

5.      That child support terms are as follows:  Plaintiff shall pay to Defendant $1,365.00 per month in child support for the parties' two minor children payable in two monthly installments of $682.50 on the 1st and 15th day of each and every month beginning November 1, 2019.  The child support calculation shall change when the eldest child reaches the age of majority, such that the child support calculation will be based upon supporting the one remaining minor child of the parties.

Pursuant to Section 20-124.2, support will continue to be paid for any child over the age of 18 who is (i) a full-time high school student, (ii) not self-supporting, and (iii) living in the home of the party seeking or receiving child support until such child reaches the age of 19 or graduates from high school, whichever occurs first, and that the Court may also order the continuation of support for any child over the age of 18 who is (a) severely and permanently mentally or physically disabled, (b) unable to live independently and support himself, and (c) residing in the home of the parent seeking or receiving child support.

Any reasonable and necessary medical and/or dental expenses not covered by insurance as defined in Section 20-108.2 (D) of the Code of Virginia, as amended, shall be divided between the parties as follows: Wife 27.5%, Husband 72.5%.  The party incurring the non-covered medical bill (or a portion thereof) on behalf of the minor child shall timely present the bill/invoice to the other party who shall then pay their portion of said obligation within thirty (30) days of receipt.

For purposes of this subsection, medical or dental expenses shall include, but not be limited, to eyeglasses, prescription medication, prosthetics, orthodontics, and mental health or developmental disabilities, including but not limited to services provided by a social worker, psychologist, psychiatrist, counselor or therapist.

6.    THAT the defendant shall maintain medical/hospitalization insurance coverage for the parties' two minor children through Blue Cross/Blue Shield, ID#GAC838895509, Group#499401 for as long as he is legally required to do so.

7.    THAT if child support payments are ordered to be paid through the Department of Social Services or directly to the obligee, and unless the Court for good cause shown orders otherwise, the parties shall give each other and the Court and, when payments are to be made through the Department, the Department of Social Services at least 30 days' written notice, in advance, or any change of address and any change of telephone number within 30 days after the change.

8.    THAT if the child support payments are ordered to be paid through the Department of Social Services, and unless the court for good cause shown orders otherwise, the parties shall give each other and the Department of Social Services at least thirty days written notice, in advance, of any change of address.   If child support payments are ordered to be paid through the Department of Social Services, a provision requiring an obligor to keep the Department of Social Services informed of the name, address and telephone number of his current employer, or if payments are ordered to be paid directly to the obligee, a provision requiring an obligor to keep the court informed of the name, address and telephone number of his current employer. The defendant shall pay both child and spousal support directly to the plaintiff.

9.      THAT no child support arrearage exists as of December 1, 2019.

10.      THAT a petition may be filed for suspension of any license, certificate,

registration or other authorization to engage in a profession, trade business or occupation issued

by the Commonwealth to a person responsible for support as provided in Section 63.2-1937 upon

a delinquency for a period of 90 days or more or in an amount of $5,000.00 or more.  That the

Plaintiff holds a certificate as an electrician.  Defendant holds no such a license.

11.      THAT the Department of Social Services may, pursuant to Chapter 19 (Section

63.2-1900 et seq.) of Title 63.2 and in accordance with Section 20-108.2 and Section 63.2-1921,

initiate a review of the amount of support ordered by any court.

12.      In determination of a support obligation, the support obligation as it becomes due

and unpaid creates a judgment by operation of law.  The Order shall also provide, pursuant to

Section 20-78.2 for interest on the arrearage at the judgment rate as established by Section 6.1-

330.54 unless the obligee, in a writing submitted to the court, waives the collection of interest.

13.      If any arrearages for child support, including interest or fees, exist at the time the

youngest child included in the order emancipates, payments shall continue in the total amount due

(current support plus amount applied toward arrearages) at the time of emancipation until all

arrearages are paid.

### ATTORNEY FEES

The Court having considered the factors, including reasonableness of services rendered

and evidence of time expended by counsel, the Court ORDERS that the Defendant pay the

 at a rate of $1,000 per month, beginning

Plaintiff attorney's fees in the amount of $57,000.00 within ——————— (     ) days following

March 1, 2020, monthly thereafter until paid in full.

entry of this Order.  Said payment shall be made to counsel for the Plaintiff, James M. Goff II,

P.C., 10310 Memory Lane, Suite 2C, P.O. Box 313, Chesterfield, Virginia 23832 within the time prescribed herein.

**Per Va. Code Ann. § 20-111.1(E) (1950), as amended, the following notice is given to the plaintiff and the defendant:  Beneficiary designations for any death benefit, as defined in subsection B of § 20-111.1 of the Code of Virginia, made payable to a former spouse may or may not be automatically revoked by operation of law upon the entry of a final decree of annulment or divorce. If a party intends to revoke any beneficiary designation made payable to a former spouse following the annulment or divorce, the party is responsible for following any and all instructions to change such beneficiary designation given by the provider of the death benefit. Otherwise, existing beneficiary designations may remain in full force and effect after the entry of a final decree of annulment or divorce.**

Pursuant to Section 20-121.03 of the Code of Virginia (1950), as amended, the Affidavit containing identifying information of the Plaintiff and Defendant is incorporated by reference herein.

It is further ORDERED that any and all matters concerning child custody, visitation and child support are remanded to the appropriate Juvenile and Domestic Relations Court having jurisdiction over same.

It is further ORDERED that the Clerk of this Court shall mail a certified copy of this Final Decree to all counsel of record.

ENTERED:  1/15/20

_____
Judge

*Counsel's endorsements and objections on following page*

A COPY TESTE:
WENDY S. HUGHES, CLERK
BY:
Kim Krafck, Deputy Clerk

I Ask For This:

James M. Goff, II, Esquire, p.q. (VSB# 35439)
P.O. Box 313
10310 Memory Lane, Suite 2-C
Chesterfield, VA 23832
(804) 706-9400
Fax: (804) 706-9401
jgoff@jamesgofflaw.com

Seen and _Objected to_____: Sec attached pages 13:14

Jay C. Paul, Esquire
VSB No.: _38594___
Post Office Box 1193
5842B Allin Road
Prince George, Virginia 23875
Telephone: (804) 668-5327
Facsimile: (804) 668-5329

Seen and objected to:

ᒍ ᐃ ᑕᕞ
_____

Jay "C" Paul (VSB# 38594)
Jay C Paul Attorney at Law, PLLC
P.O. Box 1193
5842 B Allin Road
Prince George, VA 23875
Telephone: (804) 668-5327
Facsimile: (804) 668-5329
jcpaul@jaycpaullaw.com

## **OBJECTIONS:**

Child Custody & Visitation:

The court failed to consider the best interest of the children by failing to take into account the following:

1. The parties had agreed to go through a counselor to facilitate graduation visitation;
2. The parties' inability to communicate regarding the children;
3. That the father had gone three years since spending any time with the children; and
4. Specifically, the court did not consider factors 1, 3, 5, 6, 7, and 8 of Virginia Code §20-124.3.

Imputing Income of Defendant for Child Support:

The court failed to consider the following:

1. Current earning capacity of the Defendant;
2. Financial resources of the Defendant;
3. Education and training of the Defendant; and
4. Lack of recent post earnings by the Defendant who had not worked for over 17 years at the bequest of the Plaintiff.

Additionally, the court without any evidence other than what the defendant earned 17 years ago imputed income to her. No evidence was provided to the court as to what the Defendant could earn today as an insurance claims adjuster. The court merely speculated on what it believes the defendant could earn today with no evidence.

**(Continued on the next page)**

**(Defendant's Objections continued)**

Denial of Current Spousal Support:

1. Defendant reincorporates her objections for the imputation of income for child support addresses above;
2. Evidence established Defendant's need for support and Plaintiff's ability to pay coupled with no misconduct by Defendant entitling Plaintiff to a divorce, wife should be entitled to spousal support; and
3. Court did not properly consider the wide disparity in income between the parties.

Attorneys Fees Awarded to Plaintiff:

The court failed to consider the following:

1. The disparity in income and resources between the parties and the parties' ability to pay;
2. That the court found both parties sought divorce on fault grounds and ruled that both parties failed to meet their burden of proof sufficient on divorce grounds;
3. That the Plaintiff pursued at least two court appearances in regard to the custody/visitation matter that was necessary because the defendant had already agreed to the resolution ordered by the court; and
4. That over 1/3 of the deposition time taken by the Plaintiff was for items the Defendant had already stipulated to be correct.

Equitable Distribution:

The court errored by failing to take in to account the following:

1. The court did not require any proof that the items listed by Plaintiff were valued at $39,927.00 other than his word;
2. The Defendant at depositions tendered proof that the coins were currently valued at $4,000.00. The court had no reason or rationale for using the Plaintiff's estimate as the value of the coins versus the Defendants.
3. The money in Madelyn's account was at separation was $4900.00 and most of those funds were from the wife's Well's Fargo Account.

# Child Support Guideline Worksheet

| | | | | |
|---|---|---|---|---|
| **Style:** | Payne v. Payne | | Case #: | CL16-2435 |
| Worksheet of: | Jay "C" Paul | | Date: | 12/28/2019 |

## A. Gross Income of Parties

| | Mother | Father |
|---|---|---|
| 1. Monthly Gross Income of Each Party: | $ 3,750.00 | $ 9,906.00 |
| 2. Spousal Support Payable between Parties: | $ 0.00 | $ 0.00 |
| 3. Adjustment for Support of "Other" Children: | $ 0.00 | $ 0.00 |
| 4. Adjustment of Self-Employment Tax: | $ 0.00 | $ 0.00 |
| 5. Statutory Gross Income for Support: | $ 3,750.00 | $ 9,906.00 |
| 6. Combined Income: $ 13,656.00 | | |
| 7. Combined Proposed Income Deviations: | **Income Shares** | |
| | 27.5% | 72.5% |
| 8. Number of Children: 2 | Ages | |

Spousal Support:
**0.00**
Spousal Support Payor:
Father

Child Support
Mother is Custodian
Child Support Payor is:
Father

## B. Child Support

| | Mother | Father | |
|---|---|---|---|
| 1. Scheduled Amount for Basic Child Support: | | $ 1,931.00 | * From Support Table |
| 2. Work-related Child Care Costs: | | $ 0.00 | |
| 3. Medical Insurance for Child/Children: | **Mother** | **Father** | |
| | $ 0.00 | $ 129.00 | |
| 4. Total Child Support Need (Sum: 1+2+3+4): | | | **Child Support Need** |
| | | | $ 2,060.00 |
| 5. Child Support Obligation of Each Party: (Total Support Need x Income Share) | $ 566.00 | $ 1,494.00 | |
| 6. Direct Payment of Medical Insurance: | $ 0.00 | $ -129.00 | |
| 7. Each Party's Presumptive Guideline Share: | $ 566.00 | $ 1,365.00 | |
| 8. Presumptive Guideline Support Payable by:Father | | | **Guideline Child Support** |
| | | | $ 1,365.00 |

## C. Proposed Deviations from Guideline Support

| | | |
|---|---|---|
| Presumptive Guideline Support Payable by: | **Guideline Support** | |
| **Father** | $ 1,365.00 | |
| 1. | $ | |
| Proposed Child Support, After Deviations: | $ 1,365.00 | |
| Number of Persons in **Father** 's household: | | |

| | Annual Income: | Monthly Income: |
|---|---|---|
| The Poverty Guideline threshold income for this number of household members is: | $ 0.00 | $ 0.00 |

## D: Proposed Child Support Payable To Mother  By  Father

**Total Child Support**

$ 1,365.00

| | | |
|---|---|---|
| Submitted by: | EXHIBIT A | Counsel for: |